## TRAPNELL *et al. v.* CANDLER COUNTY *et al.*

ATKINSON, J. 1. The act approved August 12, 1915 (Acts 1915, p. 168), creating the Board of Roads and Revenues of Candler County, conferred on that body, among other things, power to direct and control all of the property of the county according to law, "and generally to have and exercise all the powers heretofore vested in the ordinary of said county when sitting for county purposes."

(a) The powers so conferred upon the commissioners comprehended, among others, the power to select a site upon which to construct a court-house, and in the exercise of such power the commissioners have ·a broad discretion that will not be disturbed by the court unless plainly and manifestly abused. *Dyer* v. *Martin,* 132 *Ga.* 445 (64 S. E. 475); *Gaines* v. *Dyer,* 128 *Ga.* 585 (58 S. E. 175).

2. When any public property shall be unserviceable, it may be sold or otherwise disposed of by order of the proper authority. Civil Code, §§ 313, 314. Public property becomes unserviceable in the purview of this law, so as to empower the proper authority to sell the same, where such property can not be beneficially or advantageously used under all the circumstances. *Dyer* v. *Martin,* supra.

3. The county had purchased a site upon which to construct a court-house. Subsequently an owner of land, who was one of the county commission-

ers, donated a different site, which was accepted. A deed was executed, which contained the clause, following the description of the land: "The purpose for which this conveyance is made is that said·tract of land is to be used for the court-house of said Candler County and for vacant grounds to surround it, and for no other purpose whatever,· except that said parties of the second part are authorized to build the county jail on said lot if they so desire." Having decided to construct the court-house on the site so conveyed, the commissioners determined to sell, as property which was no longer serviceable, the site which had been previously acquired. Certain citizens and taxpayers instituted an action to enjoin the sale of the property and the construction of the court-house on the site last acquired, on the grounds that the commissioners were unauthorized to make the sale, and that it was an abuse of discretion to locate the court-house at the place intended. In this connection it was urged that the commissioners should· not expend a large sum of public money for the construction of a court-house on land to which there was a limitation upon the use for which the land could be employed, as expressed in the deed. In the answer filed by the defendants, among whom was the grantor named in the deed, it·was alleged that the grantor "agrees and stands ready to quitclaim said property as soon as the court-house of said county is erected thereon, and as soon as said court-house is erected said Josiah Bird [the grantor] will convey said property to said county without limitation, qualification, or said proviso." There was no contention that Bird did not have title to the property. *Held:* (*a*) In view of this statement in the answer, Bird would be bound to execute a deed to the land upon construction of the court-house, and the limitations expressed in the deed which he had previously executed would not require the court to enjoin the commissioners from constructing the court-house on the site described in the deed. *Gaines* v. *Dyer*, supra. (*b*) The county having two sites upon either of which to construct a court-house, it was within the discretion of the commissioners to select one which they would use, and to sell the other. *Dyer* v. *Martin*, supra.

4. There was no abuse of discretion in refusing the injunction.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

MARCH 13, 1917.

Petition for injunction. Before Judge Hardeman. Candler superior court. September 25, 1916.

*Williams & Bradley*, for plaintiffs.

*Hines & Jordan* and *W. H. Lanier*, for defendants.