BIRD *et al. v.* FRANKLIN, commissioner, *et al.*

ATKINSON, J. 1. " County authorities may, without being said to create a debt within the meaning of the constitution, contract for the building of a court-house to be paid for out of available funds in the treasury, or with the proceeds of taxes that have been or may lawfully be levied during the year in which the contract is made." *Manly Building Co. v. Newton,* 114 *Ga.* 245 (40 S. E. 274).

(*a*) It appears from the evidence that the contract required the commencement and completion of the court-house within the year in which the contract was made, and that at the time of the making of the contract the county had on hand certain funds which, in connection with the taxes that could be levied and collected during the year, would be sufficient to cover the contract price of the building. Under these circumstances the contract for the construction of the court-house did not amount to the creation of a debt, within the meaning of the constitution limiting the powers of a municipality to create a debt.

2. The act approved August 12, 1915 (Acts 1915, p. 168), creating the board of roads and revenues of Candler County, conferred on that body, among other things, the power to select a site upon which to construct a court-house, and in the exercise of such power the commissioners have a broad discretion that will not be disturbed by the court unless plainly and manifestly abused. *Trapnell* v. *Candler County,* 146 *Ga.* 617 (91 S. E. 771). Under the pleadings and the evidence in this case it does not appear that the commissioners abused their discretion in the selection of the site for the court-house.

3. Taxpayers may, within a reasonable time after a contract for construction of a court-house has been let, invoke equitable aid to enjoin the enforcement of the same for a non-compliance with the law in the letting, and can not be regarded as in laches when steps looking to that end are taken within a period of time less than a calendar month from the date when the contract is entered upon the proper minutes. *Manly Building Co.* v. *Newton,* supra. The contract was entered into on the 10th day of January, 1920, and the suit to enjoin the construction of the court-house under the contract was instituted 14 days

thereafter. Accordingly the plaintiffs were not estopped on account of laches.

4. It is declared in the Civil Code, § 387: "Whenever it becomes necessary to build or repair any, court-house, . . in any county in this State, the officer having charge of the roads and revenues and public buildings of such county shall cause the same to be built or repaired by letting out the contract therefor to the lowest bidder, at public outcry, before the court-house door, after having advertised the letting of said contracts as hereinafter provided: Provided, that such county authorities shall have authority to reject any and all bids at such public letting; and if in their discretion the public interest and economy require it, such county authorities may build or repair any public buildings . . in the county, by contract or sealed proposals, to be invited under the same provisions as to specifications and like informations as are provided in the following sections." Section 388 declares: "Whenever the contract is likely to cost a sum greater than five thousand dollars, the proper officer shall give notice in the public gazette wherein the sheriff's sales are advertised, once a week for four weeks, and by posting a written .notice at the court-house door for a like time, which notice and advertisement shall embrace such details and specifications as will enable the public to know the extent and character of the work to be done, and the terms and time of payment." *Held*, that the provisions of the statute above cited are mandatory.

5. Contracts for building a court-house, under the statutes mentioned in the preceding notes, can be entered into by the county authorities only after advertisement for bids in accordance with the statute, and must be let "to the lowest bidder" as provided by statute, and the advertisement should invite all reasonable competition. A failure in the advertisement to comply with the terms of the law in this respect will render the contract void. *Manly Building Co.* v. *Newton*, supra.

(a) Where the advertisement for bids for the construction of the court-house states that "There will be let to the lowest bidder . . the contract for the erection of the court-house. . . As a part of the contract, the contractor shall agree that the amount specified in his bid shall be a maximum, and that if the cost of the labor and material entering into the building, plus a profit of ten per cent. thereon, shall be less than the amount of his bid, that the county . . shall not be called upon to pay a greater amount than the cost of the labor and material, plus such profit of ten per cent. to the contractor." Such provision in the advertisement is unauthorized by law.

(b) Where after such advertisement bids are received and one of them is accepted, and the county authorities enter into a contract with a building contractor for the construction of a court-house, such action upon the part of the officers is unauthorized by law, and the contract is void.

6. The judge erred in refusing to grant an interlocutory injunction.

*Judgment reversed.. All the Justices concur.*

No. 1969. JANUARY 11, 1921. REHEARING DENIED FEBRUARY 21, 1921.

Petition for injunction. Before Judge Hardeman. Candler superior court. February 23, 1920.

*Hines, Hardwick & Jordan,* for plaintiffs.

*Little, Powell, Smith & Goldstein* and *J. L. Brown,* for defendants.

### ON MOTION FOR REHEARING.

ATKINSON, J. The case was decided upon rulings announced in the headnotes. A motion for rehearing stated that the decision rendered was predicated on a misconception of the record, except for which a different conclusion might have been reached. Upon examination it appears that the statement of the record by this court contained certain matter pointed out in the motion for rehearing, that was not included in the transcript sent up from the trial court. However, under application of the principles of law ruled in the case, the matter so included was not of such character as to affect the result, and it has been expunged. The reversal of the judgment was on account of the manner of advertising for bids as set out in the fifth headnote. The advertisement should not have been such as to discourage competition among bidders. The language quoted from the advertisement does not come from the statute. The effect of the advertisement with such language in it would be to exclude from competing all contractors who would not be willing to contract for a ten per cent. profit, notwithstanding, on account of superior advantages or skill in building or obtaining or controlling labor or supplying material for construction of the court-house, they might be willing to bid less than any one else. The statute does not sanction such exclusion. Moreover where a contractor consents to build a court-house on the basis of ten per cent., as referred to in the advertisement, it is to his interest to make the building cost as much as his bid, although it might have been possible to construct the building at less cost. An agreement that would force a county under such circumstances to pay more for building a court-house than it would ordinarily cost under proper management and direction, if not contrary to public policy, would not comply with the provisions of the statute defining how such contracts must be let.

*Rehearing denied.*