BLUE ISLAND STATE BANK *v.* McRAE *et al.,* comm'rs.

1. The fact that a county warrant was made payable at a future date, to a named bank or order, with interest from an antecedent date, and was issued in lieu of a previous warrant, which was lawfully issued for a legally incurred indebtedness of the county to a third party, and which the county had failed to pay, did not render such second warrant void upon the grounds, (a) that the instrument was a promissory note, (b) that it was issued in renewal of a previous paper denominated a warrant, (c) that the second paper was payable to the Blue Island State Bank, whereas the original paper was made payable to another person, and (d) that there were no allegations in the petition showing that any provision for the payment of this indebtedness had been made at the time of the creation of the debt.
2. As the petition (which was brought to compel the commissioners, by mandamus, to levy a tax to pay the second warrant) alleged that this warrant was lawfully issued for a legally incurred indebtedness of the county, the demurrer admitted this allegation to be true; and in the absence of anything appearing to the contrary in the petition, we can not hold that the warrant was not issued legally.
3. Where a county is without funds to carry on its affairs, liability for a legitimate current item of expense may be incurred, provided, at the time of incurring the liability, a sufficient sum to discharge the same can be lawfully raised by taxation during the current year; and if the

Counties, 15 C. J. p. 576, n. 57; p. 598, n. 4; p. 600, n. 34 New; p. 634, n. 59.

Evidence, 22 C. J. p. 137, n. 84.

Mandamus, 38 C. J. p. 876, n. 79; p. 902, n. 30; p. 903, n. 36.

Pleading, 31 Cyc. p. 323, n. 26.

county, at the time of contracting such liability, issues a warrant therefor, which it fails to pay, and in renewal thereof issues its warrant payable at a future date, and fails to pay the renewal warrant so issued, and there are no available funds in the treasury with which to pay the same, the county commissioners can be compelled by mandamus to levy a tax to discharge the liability.

4. Counties are expressly authorized to levy a tax for the payment of past-due or accumulated debts of the county; and where a warrant was issued for a past-due or accumulated debt, and in renewal of a former warrant which had been issued in a previous year for a liability incurred during that year, and payment of which had gone by default, such renewal warrant was not void because it was given in one year to be paid in the following year.

5. The petition otherwise made a case for the grant of a mandamus.

6. Applying the above principles, the court erred in sustaining the demurrer to the petition, and in dismissing the case.

No. 5929.  November 15, 1927.

Petition for mandamus.    Before Judge Crum.  Wilcox superior court.    January 29, 1927.

*Hal Lawson* and *Scott Candler,* for plaintiff.

*Whipple & McKenzie,* for defendants.

Hines, J.    The Blue Island State Bank, a corporation, brought its petition against the present county commissioners of Wilcox County, who have in charge its county affairs, for mandamus to compel them to levy a tax to pay a warrant issued by former county commissioners of said county.    Petitioner alleges that it is a bona fide holder for value of said warrant drawn in its favor and executed in 1918 by former commissioners of roads and revenues of said county.    This warrant is dated September 2, 1918, is addressed to the treasurer of said county, and directs him, on April 1, 1919, to pay to petitioner or order $2,000, with interest from January 1, 1918, at six per cent. per annum, on account of renewal of warrant dated August 17, 1915, in favor of A. L. Greenberg Iron Company.    This warrant was duly attested by the clerk of the former commissioners.    Petitioner alleges that said warrant was lawfully issued for legally incurred indebtedness of said county, that it was presented for payment on March 26, 1925, to the Bank of Rochelle, treasurer of said county, and payment was declined by the treasurer for lack of funds with which to pay the same.    Petitioner alleges that said warrant is past due, that no part of the same has been paid, and that there is due thereon the principal sum of $2,000, with interest from January

1, 1918, at the rate of six per cent. per annum. Petitioner is informed and believes that there are no funds in the hands of the treasurer with which to pay said warrant, and that the present commissioners of roads and revenues decline to make and have made no levy of any tax for raising funds with which said warrant can be paid, and that the same will remain unpaid unless proper order and provision is made by the commissioners for the levy and collection of taxes necessary for its payment. Petitioner prays for a mandamus nisi calling upon the present commissioners of said county to show cause why a mandamus absolute should not be issued, requiring them to levy a tax for the purpose aforesaid, and that on the hearing, and on failing to show good cause to the contrary, a mandamus absolute issue, requiring and directing them to levy and have collected a tax in accordance with section 507 of the Code of this State, sufficient to raise funds for the payment of principal and interest due on said warrant, and to turn the same over to petitioner in payment and satisfaction thereof. The defendants demurred to the petition, upon the ground that it set forth no cause of action, and no facts which would authorize any mandamus in behalf of plaintiff, or any other relief. The court sustained the demurrer and dismissed the petition, and the petitioner excepted.

The petition alleges that the instrument sued upon was lawfully issued, for lawfully incurred indebtedness of the county. It appears from said instrument, a copy of which is attached to the petition and made a part thereof, that this indebtedness was originally contracted with A. L. Greenberg Iron Company, to whom the county issued its warrant therefor on August 17, 1915, that the instrument sued on was issued in renewal of said original warrant, and that the renewal warrant had been presented for payment to the treasurer of the county, and payment refused because of lack of funds, that no part of the same had been paid, that the same remained unpaid at the time of the institution of the present proceeding on March 31, 1925, that the defendants, as commissioners of said county, had declined to levy any tax with which to pay this renewal warrant, and that the same would not be paid unless this was done. The demurrer admits the allegation of the petition that this warrant was lawfully executed and in payment of a lawfully incurred debt by the county. Further-

more, the law presumes that public officers obey the law, and that county commissioners having in charge the fiscal affairs of the county would not contract on behalf of the county an illegal debt and issue therefor a warrant upon the county treasury. In view of the admission by the demurrer of the allegations of the petition that the warrant was legally issued for a debt legally contracted, and in view of the above wholesome presumption, does it appear, otherwise from the allegations of the petition, that the debt for which this warrant was issued was illegally contracted? It is insisted by counsel for the county that the instrument for the payment of which petitioner seeks by mandamus to have a tax levied by the commissioners is more in the nature of a promissory note than a warrant, for the reasons, (a) that it was dated September 2, 1918, and made payable April 1, 1919; (b) that it is a renewal of a previous paper denominated a "warrant," dated August 17, 1915, which presumably matured January 1, 1918, judging from the fact that the interest on the renewal warrant runs from the latter date; (c) that the renewal instrument was payable to the Blue Island State Bank, whereas the original paper was made payable to A. L. Greenberg Iron Company; and (d) that there are no allegations in the petition explaining any of the details of the paper, or showing that any provision for the payment of this indebtedness had been made at the time of the creation of the debt. We do not think that these considerations make this instrument a promissory note, and not a warrant. It is not a promise to pay the amount specified in the instrument to the holder thereof. It is an order or direction given by the county commissioners to the county treasurer to pay to the holder this amount. The fact that the warrant was made payable at a future date, especially when it was given in payment of a past-due or accumulated debt, did not make it void. *Wilson* v. *Gaston, 141 Ga. 770* (1-*a*) (82 S. E. 136).

The warrant in question was given in renewal of the warrant issued on August 17, 1915, and payable to the order of A. L. Greenberg Iron Company. It does not appear that when this warrant was given the county did not have in its treasury funds sufficient to meet it, or that a sum sufficient to meet it could not be raised by taxation during the year 1915. The petition alleges that the debt represented by that warrant was legally contracted,

and the demurrer admits this allegation. In view of this admission, and of the presumption that public officials do their duty, we must presume that the county received full consideration for the original warrant; and that when the debt for which it was given was contracted, the county had sufficient funds in its treasury to meet it; or that a sufficient fund could be lawfully raised by taxation during the year 1915, to meet it. We are asked to assume that the original warrant was made payable January 1, 1918, from the fact that the renewal warrant bears interest from that date. We may as well assume that interest on the original warrant was paid January 1, 1918, and that for this reason the renewal warrant was made to bear interest from that date. The demurrer, which rests upon an assumption of facts which do not appear in the record, is a speaking demurrer, and will not prevail. In view of the admission and presumption to which we have referred, we must assume that the original warrant was legal in all respects, and was made payable in proper time. Whether the original warrant was illegal and void, if it were made payable at a date subsequent to 1915, is not now for decision, as that fact does not appear in the record.

Where a county is without funds to carry on its affairs, a liability for a legitimate current item of expense may be incurred, provided, at the time of incurring the liability, a sufficient sum to discharge the same can be lawfully raised by taxation during the current year. *Manly Building Co.* v. *Newton,* 114 *Ga.* 245 (40 S. E. 274); *Butts County* v. *Jackson Banking Co.,* 129 *Ga.* 801 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244); *Wright* v. *Southern Ry. Co.,* 146 *Ga.* 581 (91 S. E. 681); *Bird* v. *Franklin,* 151 *Ga.* 4 (105 S. E. 834). As we have seen, the county, at the time of contracting such liability, may issue a warrant therefor, payable at a future date; and if the warrant is so issued, and the county allows payment of the same to go by default, and there are no available funds in the treasury with which to pay the same, the county is authorized, subsequently, to levy a tax for the discharge of the liability. *Wilson* v. *Gaston,* supra. Express provision is made by the Code for the payment of past-due or accumulated debts of the county. Civil Code (1910), §§ 507, 508, 513. Where a warrant is issued for a past-due or accumulated debt of the county, and in renewal of a

former warrant which had been issued in a previous year for a liability incurred during that year, and payment of which had gone by default during the year in which it was issued, we do not think that such renewal warrant was void because it was given in one year to be paid in the following year. In such circumstances, the payment of such past-due or accumulated debt must be made in the year or years subsequent to that in which the liability was contracted and the original warrant therefor given. We think it would be competent, in these circumstances, for the county commissioners to issue a renewal warrant in one year, to be paid in the subsequent year, although the better practice would be to make such warrant payable during the year of its issuance.

The petition otherwise making a case for the grant of a mandamus, and as the demurrer thereto seems to have been sustained upon the ground that the giving of the original warrant was for a debt illegally contracted, which does not appear from the allegations of the petition, but the contrary appearing therefrom, we are of the opinion that the trial judge erred in sustaining the demurrer to the petition.

*Judgment reversed.     All the Justices concur.*