BLUE ISLAND STATE BANK *v.* McRAE *et al.,* commissioners.

No. 6980.  OCTOBER 17, 1929.

*Hal Lawson* and *Scott Candler,* for plaintiff.

*Whipple & McKenzie,* for defendants.

HILL, J.  Blue Island State Bank, a corporation under the laws of the State of Illinois, brought a petition for mandamus against C. D. McRae et al., as commissioners of roads and revenues of the County of Wilcox, praying that the defendants be compelled to levy and collect a tax for the purpose of paying the following warrant or order issued by the commissioners on the treasurer of Wilcox

County. "Office of County Commissioners, Wilcox County, Georgia, Abbeville, Georgia. Treasurer of Wilcox County: On April 1, 1919, pay to Blue Island State Bank, or order, two thousand and no/100 dollars, with interest from January 1, 1918, at 6% per annum, on account of renewal of warrant dated August 17, 1915, in favor of A. L. Greenberg Iron Company, C. O. Shackelford, Commissioner, N. R. Holt, Commissioner, J. B. Doster, Chairman, S. D. English, Clerk." (Endorsement) "Presented for payment; no funds on hand with which to pay same; this 26th of March, 1925; Bank of Rochelle, Co. Treas., by Terry G. Tippins." Said warrant was dated September 2, 1918. On the hearing of the case the plaintiff introduced in evidence the warrant set out above, and closed. The defendant made a motion for nonsuit, which was sustained, and the plaintiff excepted. The case was here upon a former occasion upon exception to the sustaining of a demurrer to the petition. *Blue Island State Bank* v. *McRae,* 165 *Ga.* 153 (140 S. E. 351). It was held: "As the petition (which was brought to compel the commissioners, by mandamus, to levy a tax to pay the second warrant) alleged that this warrant was lawfully issued for a legally incurred indebtedness of the county, the demurrer admitted this allegation to be true; and in the absence of anything appearing to the contrary in the petition, we can not hold that the warrant was not issued legally. . . Where a county is without funds to carry on its affairs, liability for a legitimate current item of expense may be incurred, provided, at the time of incurring the liability, a sufficient sum to discharge the same can be lawfully raised by taxation during the current year; and if the county, at the time of contracting such liability, issues a warrant therefor, which it fails to pay, and in renewal thereof issues its warrant payable at a future date, and fails to pay the renewal warrant so issued, and there are no available funds in the treasury with which to pay the same, the county commissioners can be compelled by mandamus to levy a tax to discharge the liability."

In *Neal Loan &c. Co.* v. *Chastain,* 121 *Ga.* 500 (4) (49 S. E. 618), it was held that "An order drawn by the ordinary of a county on the treasurer for the payment of a debt due by the county is evidence of an adjudication by the ordinary that the amount stated in the order is due; and the treasurer can not go behind this judgment, except for fraud or mistake as to the amount of the indebted-

ness." And see *Coleman* v. *Neal*, 8 *Ga.* 560; *Shannon* v. *Reynolds*, 78 *Ga.* 760 (3 S. E. 653); *Franklin County* v. *Crow*, 128 *Ga.* 458 (57 S. E. 784). In counties where there are commissioners of roads and revenues, they have authority to act in all fiscal matters pertaining to the county in place of the ordinaries. Ga. Code (1926), § 615(4); Park's Supp. 1926, § 855 (b). The ordinary (or county commissioners) must audit all claims against their respective counties, and every claim, or such part as may be allowed, must be registered, and the clerk of the commission must give the claimant an order on the treasurer for the same. § 410. It will be presumed that such an order or warrant of the commissioners of roads and revenues is a valid judgment, unless it shows that they had no jurisdiction to issue the same. *Franklin County* v. *Crow*, supra. It follows from the foregoing authorities that when the plaintiff introduced the warrant or order issued by the commissioners of roads and revenues of Wilcox County, with the entry thereon by the treasurer of the county that there were no funds in the treasury out of which the warrant could be paid, the plaintiff made out a prima facie case, and the burden of proof was shifted from the plaintiff to the defendant, who might show that the warrant was void for some reason, or had been issued through fraud or mistake. The Civil Code (1910), § 583, provides that county orders are negotiable by delivery or endorsement, and the endorser is liable according to the terms of his endorsement as any commercial paper, with the exception that no transfer of such warrant can prevent a treasurer from setting off any sum that the payee may be due the county at the date of the order. Thus it would seem that in a suit on a county order or warrant drawn upon the treasurer of the county, who has refused to pay the same, the introduction of the warrant showing these facts, as in a suit on a promissory note, makes out a prima facie case for the plaintiff. Such order or warrant is prima facie evidence of indebtedness on the part of the county to the payee, transferee, or endorsee, of the validity of the claim for which it is issued, and the burden of proving the warrant invalid is upon the commissioners of roads and revenues, or the ordinary, as the case may be.

The court erred in granting a nonsuit.

*Judgment reversed. All the Justices concur.*