WATERS *et al. v.* HALL COUNTY *et al.*

No. 8523. MARCH 5, 1932.

*Wheeler & Kenyon,* for plaintiffs.

*Boyd Sloan, J. B. Jones,* and *McElreath & Scott,* for defendants.

ATKINSON, J. On April 29, 1931, Hall County, acting by a majority of the County Board of Roads and Revenues, entered into a contract with the State Highway Department, whereby the county agreed to "improve and construct" 3.440 miles (in Hall County) of a road extending from Gainesville in Hall County to Dawsonville in Dawson County, which had been designated by the State Highway Department as a part of the State-aid System of highways and called State-aid Project 809. The road was in part a public road, but a great deal of it was new road not before used as a public road. The materials to be used and work to be done were to be in accordance with certain specifications prepared by the State Highway Department, and at a scale of unit prices which showed an aggregate price of approximately $46,000. On the same day the County of Hall in like manner entered into a contract with M. R. Woodall Company Inc., without any competitive bidding, which contract contained the following stipulations: "1. The County of Hall hereby employs the said party of the second part, M. R. Woodall Company Inc., to execute the work defined in

said contract between the County of Hall and the State Highway Department of Georgia, the same to be done by said party of the second part in strict conformity with said contract between the County of Hall and the State Highway Department of Georgia. 2. That all of the terms and conditions of said contract between the County of Hall and the State Highway Department of Georgia, with reference to the time when said work shall begin and with reference to the completion of said work, as well as all of the other items, conditions, and provisions of said contract, are to be binding upon the party of the second part in the execution of this contract. 3. That the party of the second part is to do said work at the unit prices set out in said contract between the County of Hall and the State Highway Department of Georgia; and the party of the second part is to be paid for said work by the County of Hall in cash, upon presentation of monthly estimates of said work and the proper certificates of the State Highway Department of Georgia, ninety (90%) per centum of said amount shown to be due by each certificate, to be paid by the party of the first part to the party of the second part between the tenth and fifteenth days of the month next succeeding that in which the work is done, and the remaining ten (10%) per centum shall be paid to the party of the second part upon the final completion and acceptance of said work." On May 4, 1931, J. T. Waters and others as citizens and taxpayers instituted suit against the county and those commissioners of the county who made the contracts, to enjoin all work and payment for work under the contract with Woodall Co. Inc. The exception is to a refusal of the judge to grant a temporary injunction.

■ There is no attack upon the original contract between the State Highway Department and the County of Hall. The validity of that contract therefore is conceded. The contract between the County of Hall and M. R. Woodall Company Inc. is in effect a subletting of the original contract on identical schedules of prices.

■ It is declared, in part, in section 387 of the Civil Code of 1910: "Whenever it becomes necessary to build or repair any court-house, jail, bridge, causeway, or other public works in any county in this State, the officer having charge of the roads and revenues and public buildings of such county shall cause the same to be built or repaired by letting out the contract therefor to the

lowest bidder, at public outcry, before the court-house door, after having advertised the letting of said contracts as hereinafter provided." This is a codification of the Acts of 1878-9, p. 159; 1880-1, p. 183. Since the passage of these laws the State Highway Department with the system of State-aid roads has been created and is existing under the act of 1916 (Acts 1916, p. 125), as amended by the act of 1919 (Acts 1919, p. 242), act of 1921 (Acts 1921, p. 199), act of 1922 (Acts 1922, p. 117), act of 1924 (Acts 1924, p. 119), act of 1925 (Acts 1925, p. 208), act of 1929 (Acts 1929, p. 260). Under these laws creating the State Highway Department, State-aid roads may be located and built without complying with the former law relating to laying out and building roads. *Lee County* v. *Smithville,* 154 *Ga.* 550(3) (115 S. E. 107). And where a county enters into a valid contract with the State Highway Department to improve and construct a section of a State-aid road established by the State Highway Department, such contract may be sublet by the county to a competent contractor by private contract and without advertising and letting to the lowest bidder under the provisions of the Civil Code, § 387. *Ward* v. *State Highway Board,* 172 *Ga.* 414 (157 S. E. 328).

■ It is insisted in the brief of the attorneys for the plaintiffs that the effect of the contract between the county and M. R. Woodall Company Inc. was unlawfully to lend the credit of Hall County to the State Highway Board. No such ground of attack was made by the allegations of the petition as amended.

■ The road in question being a State-aid road established by the State Highway Department, the contract between the county and M. R. Woodall Company Inc. was not invalid on the ground that no application was made to the board of commissioners of roads and revenues of the county to establish the road, or that the grand jury had not recommended the work to be done.

■ Under the pleadings and evidence, the judge was authorized to hold that the contract was sufficiently definite and had been entered upon the minutes of the board of commissioners of roads and revenues of the county, that the company had given bond as required by law, and that there was no abuse of discretion in making the contract without competitive bids.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Hines, J., who dissent.*