CITY OF ABBEVILLE *et al. v.* EUREKA FIRE HOSE MANUFACTURING COMPANY.

No. 9426.   June 15, 1933.

*McDonald & McDonald,* for plaintiff in error.

*Hal Lawson,* contra.

HILL, J. (After stating the foregoing facts.) It has been held, so far as a county is concerned, that "Where commissioners of roads and revenues of a county draw an order or warrant on the treasurer of the county for the payment of a debt due by the county, such order or warrant is evidence of an adjudication by the commissioners of roads and revenues that the amount stated in the order is due, and the treasurer can not go behind this order or warrant, except for fraud or mistake as to the amount of indebtedness." *Blue Island State Bank* v. *McRae,* 169 *Ga.* 279 (150 S. E. 151). On analogous principles a warrant issued by a city constitutes a liquidated demand. In *City of Conyers* v. *Kirk,* 78 *Ga.* 480 (3 S. E. 442), this court held: "A municipal corporation can make a cash contract for current supplies, such as lamps and gasolene for lighting the streets, through its appropriate officers or committees, as effectually as by formal order or resolution entered on its minutes. Such a contract, if not authorized or confirmed in the mode commonly practiced, may become obligatory by implied ratification; as, by taking the fruits of the contract and enjoying them for a considerable time without notice of objection." In delivering the opinion of the court Chief Justice Bleckley said: "The facts of this case, taken most strongly in favor of the prevailing party, as they must be after verdict, do not show any purpose or intention to create a debt. The debt resulted from a breach of the contract, not from the making of it. Against paying a debt so originating, there is no constitutional impediment. When a cash purchase is made, there is no expectation that any debt will exist, and there was no such contemplation in this case. If we take the evidence, as we do, most favorably for the plaintiffs, there was no intention that any debt should arise. It was contemplated that payment should be made as soon as the articles were delivered; and the reason indicated in the record why payment was not then in fact made was the accidental absence of the city treasurer from his office. So that

this debt (and it is a debt now) became such, not by virtue of making the contract, but by virtue of breaking the contract; and surely there never can be and never will be any law against paying a debt which arises from default in making a cash payment at the time the debtor ought to have made it, the cash sufficient for the purpose being then in the debtor's treasury. See *Mayor etc. of Rome* v. *McWilliams, 67 Ga.* 106." The suit in the present case was upon the warrants; and presumably when the City of Abbeville issued the warrants upon a certain bank it had the money there with which to pay the warrants. It breached that contract by failing to pay those warrants, and, as Judge Bleckley said in the *Conyers* case, the debt arose, not by reason of the contract, but by the breach of it by the failure to pay the warrants.

We think there is nothing in the contention that the warrants were void because not signed by "E. M. Oliver, City Treasurer." The name of the person holding the position of treasurer, E. M. Oliver, was signed to the warrants, but the fact that the word "treasurer" did not appear immediately underneath his name would not, in our opinion, invalidate the warrants. The warrants, copies of which are set out in the petition as exhibits, show that the signature of E. M. Oliver appears on the warrants as approving them. The City of Abbeville recognized the validity of the warrants by promising to pay them on a number of occasions, but failed to do so; and we are of the opinion that it can not now go behind those warrants and deny the legality of an obligation which it recognized as legal and valid and which it refuses to pay. Neither do we think there is anything in the contention that the warrants are barred by the statute of limitations. There is nothing in the allegations of the petition which shows that the warrants are barred. The statute of limitations would begin to run only after demand for payment is repudiated or from the time when the fund out of which the warrants can be paid is provided. *Jackson Banking Co.* v. *Gaston,* 149 *Ga.* 31 (2) (99 S. E. 30). It will be observed that the plaintiff brings the petition for mandamus on the warrants issued by the city, and not on the contract. It has been held that "If a claim is properly presented to the trustees of a municipal corporation and is allowed by them and their action accepted by the claimants, it becomes a valid and binding contract and can be avoided only for a cause sufficient to invalidate their contract." *McConoughey v.*

Jackson, 101 Cal. 265 (35 Pac. 863, 40 Am. St. R. 53). In the answer filed by the present mayor of Abbeville he neither admits nor denies certain allegations of the petition as to facts that should be within the direct knowledge of the officials of the city. For instance, that there had been no funds in the treasury to pay the warrants, with notice to the plaintiff. This information was within the exclusive knowledge of the city officials, and a special demurrer calling for this information on the part of the plaintiff was properly overruled. *Raleigh &c. R. Co.* v. *Pullman Co.,* 122 *Ga.* 700 (50 S. E. 1008) ; *Hudson* v. *Hudson,* 119 *Ga.* 637 (46 S. E. 874) ; *McElmurray* v. *Blodgett,* 120 *Ga.* 9 (47 S. E. 531). See 38 C. J. 891. The court did not err in striking the answer as a whole, as not setting up any issuable defense.

In *Hitchcock* v. *Galveston,* 96 U. S. 341 (24 L. ed. 659), a recovery was allowed for the value of the benefits conferred upon the municipal corporation, notwithstanding the contract to pay in bonds was illegal and void. In the opinion it was said: "It matters not that the promise was to pay in a manner not authorized by law. If payments can not be made in bonds because their issue is ultra vires, it would be sanctioning rank injustice to hold that payment need not be made at all. Such is not the law." It was also said: "The doctrine of want of power can not be used to aid a party in perpetrating a wrong and injustice." Marshalltown Stove Co. v. Des Moines Brick Mfg. Co., 149 Iowa, 141, 147 (126 N. W. 190). Here the City of Abbeville bought fire hose and a hose-reel for which the warrants were issued, and the hose had been worn out in the use by the city, and the reel was still in its possession and use. Although warrants had been issued for the same and repeated promises had been made to pay them, payment of the warrants was finally refused. In such circumstances, to deny the right of the plaintiff to recover for such articles would be rank injustice. And it has been held that the doctrine of estoppel is one of fundamental justice. Its application must depend upon the circumstances of each particular case, and courts have gone a long way in applying it to prevent manifest injustice and wrong. See, in this connection, Wiegel v. Pulaski County, 61 Ark. 74 (38 S. W. 116) ; Luxora v. Jonesboro &c. R. Co., 83 Ark. 275 (103 S. W. 605, 13 L. R. A. (N. S.) 157, 119 Am. St. R. 139) ; *Montgomery* v. *Atlanta,* 162 *Ga.* 534 (134 S. E. 152, 47 A. L. R. 233) ; *Horkan* v. *Moultrie,* 136 *Ga.*

561 (71 S. E. 785). So we conclude the court below did not err in overruling the general and special demurrers of the defendant, in sustaining the motion to strike the answer, and in making the mandamus absolute.

<em>Judgment affirmed. All the Justices concur.</em>