JONES *et al. v.* GRAHAM *et al.,* commissioners.

ATKINSON, Presiding Justice. 1. The contract in question is in effect a subletting of the contract between the State Highway Department and Wilcox County.

2. A valid contract to improve and construct a section of a State-aid road established by the highway department may be sublet by the county to a competent contractor, without advertising and letting to the lowest bidder, under the Code, § 23-1702. *Waters* v. *Hall County*, 174 *Ga.* 596 (2) (163 S. E. 609).

3. In *City of Abbeville* v. *Eureka Fire Hose Manufacturing Co.*, 177 *Ga.* 204 (2) (170 S. E. 23), it was held: "A municipal corporation can make a cash contract for current supplies, such as hose and hose reel, for protection from fire, through its appropriate officers or committees, as effectually as by formal order or resolution entered on its minutes.

Such a contract, if not authorized or confirmed in the mode commonly practiced, may become obligatory by implied ratification; as, by taking the fruits of the contract and enjoying them for a considerable time without notice of 'objection, and by issuing warrants therefor. Ratification in the present case was made by issuing warrants for the amount of the articles purchased."

4. "Where one entered into a contract with the proper county authorities for the furnishing of material and for the building of a court-house, and the work contemplated by the contract was finished and accepted by the proper county authorities before the contract was entered on the minutes of the ordinary, such a contract was unenforceable until entered on the minutes of the ordinary; but where this was done after the completion of the work, in compliance with a judgment in mandamus proceedings instituted to compel the entry of the contract on the minutes, the defect resulting from a failure to enter the contract on the minutes before the work was begun or completed was cured, and the contract was enforceable by an action instituted thereon." *Wagener* v. *Forsyth County*, 135 *Ga.* 162 (68 S. E. 1115).

5. Applying the principles stated above to the pleadings and facts of the instant case, the judge did not err in denying an injunction. A different result is not required by the rulings in *Bird* v. *Franklin*, 151 *Ga.* 4 (105 S. E. 834), where the suit was instituted before the work was done, or *Griffin* v. *Maddox*, 181 *Ga.* 492 (182 S. E. 847), where the contract was never reduced to writing or entered on the minutes.

*Judgment affirmed. All the Justices concur.*

No. 13610. JUNE 16, 1941.

*Benjamin Zeesman* and *J. H. Dorsey,* for plaintiffs.

*McDonald & McDonald, E. F. Strozier,* and *H. B. Sutton,* for defendants.