## 21475. DeKALB COUNTY *et al.* v. WILSON.

CANDLER, Justice. James R. Wilson brought mandamus against DeKalb County and its five Commissioners of Roads and Revenues in their respective official capacities. His petition alleges: The county owns certain realty in Decatur, Georgia. On March 14, 1961, it declared such property to be unserviceable and ordered its public sale to the highest bidder for cash. It was regularly advertised for sale, but the published notice of such sale recited: "DeKalb County reserves the right to reject any and all bids and to readvertise." It was regularly put up for sale on the first Tuesday in May, 1961. His cash bid of $4,275 was the highest one made. He has tendered the amount of his bid and demanded completion of the sale by a conveyance of the property. After being informed that the county would not accept his bid for the property and complete the sale, he offered to pay more for it, but has been informed that, since there can be no private sale of the property, it will again be advertised and offered for sale at public outcry. The only reason the county gave for its refusal to accept his bid and complete the sale was that the amount bid by him is too low. He is ready and willing to comply with his bid at any time the county will complete the sale by conveying the property to him. He prayed for a judgment requiring the county to accept his bid, complete the sale by conveying the property to him, and for an injunction to restrain the county from again advertising and offering the property for sale at public

outcry. The county answered the petition and gave the following as its only reasons for refusing to complete the sale: (1) in offering the property for sale, it had expressly reserved the right to reject any and all bids received for it, (2) the amount which the petitioner bid was less than its fair value, and (3) it has an appraised value of $6,500. On the hearing the plaintiff introduced as evidence his verified petition, and the county likewise introduced its verified answer. No other evidence was offered, but the parties stipulated that the only question to be determined by the court was whether or not a county has the right to reject the highest bid for cash at a sale held by it under the provisions of an act approved March 17, 1959 (Ga. L. 1959, p. 325) and to readvertise the property for another public sale, where such county in advertising the property for sale has in its published notice of the sale expressly reserved the right to reject any and all bids made at such sale. The court granted a mandamus absolute requiring the county to convey the property involved to the plaintiff on payment of the amount bid by him. The exception is to that judgment. *Held*:

An act which the legislature passed in 1959 (Ga. L. 1959, p. 325; *Code Ann. Supp.* § 91-804.1), provides: "Prior to the sale or disposition of any real property belonging to any county of this State, notice of the contemplated sale or disposition of such property shall be published in the official organ of the county once a week for four weeks. After such publication said property shall be sold at public outcry to the highest bidder for cash in front of the courthouse on the first Tuesday of the month following such publication in the same manner in which sheriff's sales are held." Prior to the passage and approval of that act, the governing body of the county, whether it be an ordinary or county commissioners, could sell or otherwise dispose of any property belonging to the county at a private sale after first declaring it to be unserviceable. *Code Ann.* §§ 91-602, 91-804; *Dyer v. Martin*, 132 Ga. 445 (64 SE 475); *Trapnell v. Candler County*, 146 Ga. 617 (91 SE 771). The act of 1959 does not require the governing body of a county to sell any property of the county, though it may have become unserviceable, but it simply provides that, if such body decides to do so, the sale of it shall be conducted at the courthouse of the county, on the first Tuesday

in some month, between the hours of 10 a.m. and 4 p.m. and at public outcry, after the contemplated sale has been advertised in the official organ of the county once a week for four weeks immediately preceding the day on which it is to be offered for sale. Article 1, section 1, paragraph 1, of the Constitution of 1945 (*Code Ann.* § 2-101) declares that "Public officers are the trustees and servants of the people, and, at all times, amenable to them." The case of *Malcom v. Webb*, 211 Ga. 449 (86 SE2d 489), which was decided by this court prior to the passage and approval of the aforementioned act, involved an effort on the part of certain county commissioners to sell privately county-owned property, and it was there held that such officers in selling county property act as fiduciaries or trustees for the taxpayers and citizens of the county, and that it is their duty in making a sale of such property to do everything reasonably within their power to obtain the best possible price for it. In that case we held the sale to be void. See the many authorities from this and other jurisdictions which were cited and relied on for the ruling there made. *Code* § 108-409, provides that "sales by trustees, unless otherwise provided in the order, shall be made under the same rules and restrictions, in every respect, as provided for sales by administrators of estates." And this court has several times held that it is the right and duty of an administrator who is conducting a public sale of property belonging to the estate of his intestate to withdraw the same from sale when it is manifest that the property is about to be sacrificed at a grossly inadequate price. For some of the cases so holding, see *Bean v. Kirkpatrick,* 105 Ga. 476 (30 SE 426); *Rogers v. Dickey,* 117 Ga. 819 (45 SE 71); and *Williams v. O'Neal,* 119 Ga. 175 (45 SE 978). In the instant case, the record shows that DeKalb County exposed the property involved for sale in the manner in which a sheriff's sale is held, but expressly reserved the right to reject any and all bids received for it at the sale and to readvertise it for another public sale, and we do not construe the act of 1959 as prohibiting it from doing so; undoubtedly county commissioners, as the trustees of public property, still have a right to thus control and manage its sale. Following this sale, the county rejected Wilson's bid, as it had reserved the right to do, and he made his bid with notice of such

reserved right. In these circumstances we hold that no contract of purchase and sale was made between the county and Wilson. The trial judge erred in granting a judgment absolute requiring the county to convey the premises to him on payment of his bid.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 17, 1962—DECIDED JANUARY 22, 1962—
REHEARING DENIED FEBRUARY 12, 1962.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for plaintiffs in error.

*Walter E. Baker,* contra.