TEXARKANA v. FRIEDELL.

Opinion delivered April 29, 1907.

MUNICIPAL CORPORATION—UNAUTHORIZED CONTRACT—RATIFICATION.—Ratification by a city of an unauthorized employment of an attorney to represent it must be made by the council as a legislative body, and not by the individual members.

Appeal from Miller Circuit Court; *Joel D. Conway,* Judge; reversed.

*Pratt P. Bacon,* for appellant.

No officer or member of the corporation, however much he may be interested in its proceedings, can, without authority, make contracts for it, or bind it by his declarations or admissions. 34 Ark. 249. Appellee was bound to know of the limitations on the authority of the mayor and other city officials, and his services were rendered at his own hazard. 51 Tex. App. 532.

*John B. Jones,* for appellees.

It is idle to say that appellant did not know of these services. The amount charged was reasonable, and appellant had made it known to the mayor, city attorney and four members of the city council that he expected compensation. There was no necessity for a special contract. 124 Cal. 61. When work done for a corporation without complete legal authorization is for a corporate purpose, and is beneficial to it, and the price reasonable, strong evidence of the assent of the corporation is not required. *Id.;* 1 Dill. Mun. Corp. § 464. As to liability of a corporation on an implied contract, see 13 Ill. 371.

HILL, C. J. The city brought an injunction suit to protect a street from obstruction. The city attorney employed Mr. Friedell, an attorney at law, to assist him in the case, and stated that it was the kind of a case for which the council would allow a special fee, and that he would divide the fee with Mr. Friedell. Upon that understanding Mr. Friedell went into the case. The city attorney was succeeded by another gentleman in that office, who, upon learning that Mr. Friedell was in the case, consented and approved of his continuing therein. Mr. Friedell made it clear to the city attorney, to the mayor and to four of the members of the council that he had been taken into the case by the previous city attorney, and was retained in it by the present city attorney, and that he expected compensation, and was not acting gratuitously. No action was taken by the council or by any of the officials looking to the payment of the fee of Mr. Friedell, who continued in the case until it terminated, rendering proper and skillful assistance to the city. After the case was closed he rendered a bill for his services, which is conceded to be a moderate charge. The question is presented whether the city is liable.

Judge Dillon in his work on Municipal Corporations has deduced from the authorities the following principles: The first of these pertinent here is that a municipal corporation may ratify the unauthorized acts of its agents or officers which are within the scope of the corporate powers, but not otherwise. The next is, that where work done for a corporation without legal authorization is for a corporate purpose, and is beneficial

to it, and the price reasonable, strong evidence of the assent of the corporation is not required; but such assent must be shown. The third principle is that the ratification, whatever its form, must be by the principal or by its authorized agents.  1 Dillon, Municipal Corporations, 4th Ed. § § 463-465.

Applying these principles to the facts here, it is seen that the assent of the corporation has not been shown at all. This assent may be proved by very slight evidence, for the professional services of the attorney were beneficial, and the charge reasonable; but in this case the only assent, if any, is the acquiescence of the members of the city council, the city attorney and the mayor that the work was being done; and this, without more, is not sufficient.

Ratification, if at all, of the employment of appellee was by the city attorney, the mayor and the individual members of the council. This does not meet the requirements of the law, for the ratification must be by the principal or by authorized agents. Neither the mayor nor the city attorney was an authorized agent for the purpose of employing an attorney to assist the city attorney, and their assent or ratification lacks binding effect.

Knowledge by the individual members of the council, brought home to them by conversation on the street, could not be considered as knowledge of the principal, which is the city itself, represented by the council as its legislative body. It must act as a body, and cannot be bound by individual acts or knowledge brought home to individual members. 1 Beach, Public Corporations, § 275; *Halbut* v. *Forrest City,* 34 Ark. 246; *Little Rock* v. *Board of Improvement,* 42 Ark. 152.

In order to have ratification, there must be some affirmative action by the proper officers, or some negative action, which of itself would amount to an approval of the matter in question. These principles have been applied in school district cases. In *Springfield Furniture Company* v. *School District No. 4,* 67 Ark. 236, the ratification of a purchase of school furniture was found in the acquiescence by the directors in an unauthorized contract. The directors were the proper agents to make the contract, and it was a proper contract for them to make, and they

ratified the contract after knowledge of its illegality by retaining the benefits of it.

The same principle was applied in *School District* v. *Goodwin*, 81 Ark. 143, where acquiescence in an illegal contract by all the directors was found to be a ratification. In that instance two directors met and made a contract, and the third director acquiesced in payments being made under the contract, and the school patrons themselves, who were really the principal in that case, also ratified the unauthorized contract. The acts constituting ratification in these cases were by proper officials within the scope of the duties imposed upon them; whereas the acquiescence of the officers of the city of Texarkana in Mr. Friedell continuing in the services of the city was not in the scope of their duties, and hence this case is without the beneficence of that principle which requires corporations as well as individuals to pay for what they have received the benefit of, when the officers of the corporation, having its management in charge, have acquiesced in the benefit being received by it. See also *Book* v. *Polk*, 81 Ark. 244.

There is no action here binding the municipality by any officer within the limits that he was authorized to bind it.

Judgment reversed and cause remanded.