BOARD OF DIRECTORS OF ST. FRANCIS LEVEE DISTRICT *v.* FLEMING.

## Opinion delivered January 24, 1910.

1. JUDGMENT—ATTACK ON—BURDEN OF PROOF.—The burden is on one who attacks a decree which is valid and regular on its face. (Page 494.)

2. LEVEES—CONCLUSIVENESS OF DECREE ENFORCING TAXES.—A decree enforcing levee taxes, rendered upon due service, is conclusive as to whether the taxes were due and unpaid. (Page 494.)

3. SAME—POWERS OF LEVEE DISTRICT.—The Board of Directors of St. Francis Levee District is a *quasi* corporation, which can exercise no governmental powers except those expressly granted by the Legislature, and only in the manner pointed out expressly or by fair implication. (Page 495.)

4. SAME—ESTOPPEL BY UNAUTHORIZED ACTS OF OFFICERS.—The assessment and collection of levee taxes on lands belonging to a levee district by officers of such district who were not authorized to sell its lands will not estop the district from claiming the lands. (Page 495.)

5. ESTOPPEL—LEVEE DISTRICT.—Where a levee district foreclosed its lien for levee taxes on lands in the district and purchased the lands at the sale, it was not estopped to assert the title so acquired by the fact that its officers accepted subsequent levee taxes on the same lands from the former owner, the officers having no authority to do so (Page 495.)

Appeal from Crittenden Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

*N. W. Norton* and *H. F. Roleson,* for appellant.

1. The decree for levee taxes was valid on its face, and recites proper notice. The report of sale was properly confirmed, and the deed from the commissioner to the board of directors was properly executed, examined and approved. It was in the nature of a proceeding *in rem,* immaterial that the ownership of the lands be accurately stated therein, and the judgment was enforceable against the lond only. Acts 1895, p. 88. McCann was a non-resident of the State, and no one was in possession of the land under him. Personal service on him was not required. The State's deed was not recorded until May 13, 1901. *Id.* p. 90; 74 Ark. 174.

2. Appellee's title rests upon the forfeiture for the taxes of 1883 and 1884. The tax sale was void, because (a) it does not affirmatively appear on the record that the clerk's certificate of publication was made before the day of sale. 74 Ark. 583; 55 Ark. 218; 51 Ark. 34; 68 Ark. 248. (b) The delinquent lists for taxes for those years were not returned by the collector and

filed with the clerk until April 13, 1886. 66 Ark. 422; Kirby's Dig. § 7083. (c) The lands were sold for too much costs. 61 Ark. 414; *Id.* 36.

3. The court erred in holding that appellant and its grantees were estopped. The officers of appellant charged with the duty of making assessments and collecting taxes upon the land were not agents, but public officers discharging an official duty. The district could not be bound by any unauthorized act nor official misconduct of theirs. 42 Ark. 118; 39 Ark. 580; 40 Ark. 251; 67 Ill. 435; 72 Ark. 52; 1 Allen 172; 4 Allen 58. These officers had no power to convey the land by deed, and hence could not indirectly, by estoppel, bind the board. 2 Herman on Estoppel, § § 1222, 1176; 63 N. H. 328. *Ultra vires* acts of officers of public corporations are incapable of ratification. 29 Am. & Eng. Enc. of L. 87, note 2. The land was public property, and held in trust by appellant for public purposes. 64 L. R. A., 333; 88 N. W. 523, 525.

*Randolph & Randolph,* for appellee.

1. Under the law authorizing the donation of lands forfeited to the State for non-payment of taxes, it was necessary that McCann prove to the satisfaction of the Commissioner of State Lands his right to a deed for the lands involved here, amongst other things, his actual residence upon the same for the period required by law. Kirby's Dig. § § 4809, 4811, 4813, 4815, 4817, 4819. The possession thus established is, in the absence of proof of its having been disturbed by some adverse holder, presumed in law to have continued until he made the deed to appellees. 75 Ark. 593; 34 Ark. 598; 38 Ark. 182; 1 Greenleaf, Ev. § 41. The commissioner's deed to McCann is conclusive, so far as the State had the title to convey, unless set aside in a court of equity for fraud or illegality. 24 Ark. 40; *Id.* 433; 13 Pet. 436, 448; 12 Ark. 297; 16 Ark. 414; *Id.* 440; 31 Ark. 425; *Id.* 609; 27 Ark. 200; 33 Ark. 833; 39 Ark. 120. The deed is valid, and is *prima facie* evidence of the grantee's title. 76 Ark. 450; 82 Ark. 31; 122 S. W. 111; 46 Ark. 96; 49 Ark. 266. The allegations in the complaint that McCann was a citizen and resident of the county, in possession of the lands when the suit for levee taxes was brought, had a tenant thereon occupying it, that he was not made a party to the suit, was not served with process nor given

notice thereof, and that no levee taxes were then due, were not denied by the answer, and must be taken as true. It was not necessary for appellee to prove those facts. 41 Ark. 17; 46 Ark. 132; 31 Ark. 346; 51 Ark. 399. Actual service upon McCann was essential. Acts 1895, p. 92; 174 Fed. 133.

2. McCann and his grantees, appellees, it is clearly shown, paid the taxes on the land continuously under color of title for more than seven years next preceding appellant's quitclaim deed to Williamson, at least three of which years were after the passage of the act of March 18, 1899. Kirby's Dig. § 5057. Title has ripened in appellees for this reason, in addition to the adverse holding of McCann for more than seven years after he obtained the donation deed. Acts 1899, p. 135; Kirby's Dig. § 655; 80 Ark. 411; 68 Ark. 551; 74 Ark. 302; 83 Ark. 158; *Id.* 522; 89 Ark. 300. See also 48 Ark. 312; 49 Ark. 266; 50 Ark. 340; 74 Ark. 488; Angell on Limitations, § § 1-5; 79 Ark. 364; 76 Ark. 443; 144 U. S. 533.

3. By reason of the fact that, prior to the decree of sale under which appellant obtained its deed, McCann paid to it the levee taxes for the years 1893 and 1895, that suit was brought for the levee taxes against the land in the name of a person other than McCann, and that thereafter appellant accepted from him the levee taxes for the year 1897 and subsequent years, appellant and its vendee, Williamson, were properly held by the court to be estopped to set up title against appellees. 34 Ark. 704; 140 U. S. 634; 68 Ark. 250; 35 Ark. 293; 37 Ark. 47; 50 Ark. 430; 55 Ark. 296; 75 Ark. 411; 80 Ark. 8; *Id.* 543; 81 Ark. 143; *Id.* 244. A plaintiff purchasing the property of a defendant under a judgment or decree in plaintiff's favor, or under an execution based thereon, takes only such title as the defendant had, which title may be defeated if the judgment or decree is erroneous or is reversed. 2 Freeman on Executions, § 348; 34 Ark. 569; 54 Ark. 239. And a sale under a decree which is void for want of jurisdiction by the court of the subject-matter or of the person of the defendant is itself void and passes no title. Freeman on Jud. Sales, 162, § 48.

McCULLOCH, C. J. This appeal involves a controversy over the title to a quarter section of land in Crittenden County. Appellees claim title under a tax forfeiture to the State and donation deed to appellee's grantor, McCann, and possession for the

statutory period of limitation under the donation deed. Appellants claim title under a sale for levee taxes in 1898, made pursuant to a decree of the chancery court rendered in a suit instituted by the levee district to enforce the payment of delinquent levee taxes. The decree of the chancery court in the foreclosure suit was rendered February 14, 1898, and condemned the land for the levee taxes of 1896. Sale was made by the commissioner of the court June 13, 1898, and the sale was reported to and confirmed by the court July 21, 1898. At that time the statute provided no period for the redemption of lands sold for levee taxes of that district. The board of directors purchased the land at the sale, and subsequently sold and conveyed it to the other appellants, who are the real parties in interest, and now claim the land.

The tax sale under which appellees claim title was void for several reasons not necessary to enumerate; but their grantor, McCann, was in possession the requisite length of time under his donation deed from the State to get title by limitation. This operated as a complete investiture of title, and enables appellees to maintain this action, unless their title has been divested by the subsequent levee tax sale.

The question in the case is whether or not appellants have a valid title under the levee tax sale made by the commissioner of the chancery court in 1898, which they can assert against appellees. The statute (Acts of 1895, p. 88) which authorizes foreclosure preceedings to enforce the payment of levee taxes due the St. Francis Levee District provides that "said proceedings and judgment shall be in the nature of proceedings *in rem,* and it shall be immaterial that the ownership of said lands may be incorrectly alleged in said proceedings; and said judgment may be enforced wholly against said land, and not against any other property or estate of said defendant. All or any part of said delinquent lands for each of said counties may be included in one suit for each county, instituted for the collection of said delinquent taxes, etc., as aforesaid, and all delinquent owners of said lands, including those unknown as aforesaid, may be included in said one suit as defendants; and notice of the pendency of such suit shall be given as against non-residents of the county and the unknown owners, respectively, where such suits may be pending, by publication weekly for four weeks prior to the day of the term of court on which final judgments may be entered for the said sale of said

lands." The same statute contains also the following provision in reference to the procedure in such suits: "As against any defendant who resides in the county where such suit may be brought, and who appears by the record of deeds in said county to be the owner of any of the lands proceeded against, notice of the pending suit shall be given by the service of personal summons of the court at least twenty days before the day on which said defendant is required to answer, as set out in said summons. * * * And provided, further, actual service of summons shall be had where the defendant is in the county or where there is an occupant upon the land."

The foreclosure decree involved in the present suit was the same one involved in the case of *Van Etten* v. *Daugherty,* 83 Ark. 534, where the court held that the decree was void as to the lands actually occupied by the owner or his tenant, and as to the lands of a resident of the county whose title appeared of record, unless there had been personal service of summons. McCann was not a resident of the county where the lands are situated. He was a non-resident of the State, and his donation deed was not recorded at that time; but appellees attempted to prove that a tenant of McCann occupied the land at the time the foreclosure suit was instituted. They failed, however, to prove it. The chancellor found against them on this issue, and we conclude that the finding was in accord with the preponderance of the evidence. The burden was on appellees, in attacking the decree of the chancellor, which was valid and regular on its face, to establish the grounds of their attack. We therefore treat the foreclosure decree, and sale thereunder, as having been done in accordance with the statute authorizing the proceedings.

It is contended that the levee district and its grantees are estopped to assert title under the foreclosure sale, on account of a payment by McCann and acceptancce by the officers of the levee district of the taxes of the years 1897 and 1898, and subsequent years, while the title under the foreclosure sale stood in the district. The chancellor sustained this contention, and rendered his decree on the ground that the appellants were estopped to assert title under the foreclosure, in dispute of the title of appellees, on account of the subsequent acceptance of taxes by officers of the levee district. The taxes of 1897 were paid prior to the decree, which was rendered on February 14, 1898, and there can be

no estoppel by reason of the acceptance of these taxes, for the decree is conclusive as to all matters which occurred before its rendition, the same having been rendered on due notice and in accordance with the provisions of the statute. The acceptance of the taxes of 1897 could, at most, amount only to an implication of the payment of the taxes of the prior year of 1896; and, even if the taxes of that year had in fact been paid, it is too late, after the final decree of foreclosure, to show payment in order to defeat a title acquired under that decree. So we look to things done after the decree and confirmation of sale in order to find acts and conduct which would estop the holder of title under the foreclosure from asserting that title.

Did the acceptance of the levee taxes after title was vested in the levee district operate as an estoppel? The title being then vested in the levee district, the only method by which it could be lawfully conveyed was by deed, executed by the president. The statute authorizes only that officer to sell lands of the district and execute deeds therefor. No one else has any authority to do so. The assessor values the betterments to lands for taxation, the collector collects the taxes levied, and the treasurer receives the funds collected, and this is all that either officer is authorized to do.

The Board of Directors of St. Francis Levee District is a *quasi* corporation, to which is delegated certain powers as a governmental agency. *Carson* v. *St. Francis Levee District,* 59 Ark. 513. "Such an agency of government is *sui generis,* and its powers cannot be likened to those of municipal corporations, whose powers are broader and more general within their prescribed territory and over the subjects delegated to them. They exercise no governmental powers except those expressly granted by the legislative authority which called them into existence, and then only in the manner pointed out expressly or by fair implication." *Altheimer* v. *Board of Directors Plum Bayou Levee Dist.,* 79 Ark. 229.

It is settled by decisions of this court that the State cannot be estopped to assert title to its lands on account of unauthorized acts of its officers. *Woodward* v. *Campbell,* 39 Ark. 580; *Pulaski County* v. *State,* 42 Ark. 118. In one of these cases the court said: "The State is liable only to the extent of the power actually given to its officers, and not to the extent of their apparent

authority; and all who deal with a public agent must at their peril inquire into his real power to bind his principal."

In a Georgia case, where officers had caused lands to be sold for the State, the court held that this did not estop the State from afterwards asserting that the lands were not subject to taxation and claiming them. The court said: "Nothing done by the comptroller general or the sheriff, or the tax officers of the county, or the treasurer of the State, in reference to the fund which went into the State treasury, derived from the sale of the land, or that derived from the taxes collected from year to year, would have the effect of estopping the State, no one of its public officers having acted within the scope of his authority when he dealt with the property or the fund."

The same rule should apply to any governmental agency in the exercise of purely public functions. Herman on Estoppel, § 1222; *St. Louis* v. *Gorman,* 29 Mo. 593. There is no reason why the unauthorized acts of a levee district should estop it from asserting its rights than that the State should not be estopped by the unauthorized acts of its officers or agents. The officers of the levee district who assessed and collected the taxes in the name of the district had no authority under the law to sell the lands of the district, and to hold that their unauthorized acts estop the district is to empower them to do indirectly that which they cannot directly do.

We do not intend to hold that the levee district cannot under any circumstances be estopped by unauthorized acts of its officers, for, when things are done by an unauthorized method which are within the power of the corporation to do, the unauthorized acts may be ratified by the corporation acting through those of its officers who have authority to do so. But the ratification, to be effective as an estoppel, must be made by the officers or agents authorized to do those things, as one who was unauthorized to perform the original act would be without authority to ratify the same act done by another. *Texarkana* v. *Friedell,* 82 Ark. 531.

The case of *Book* v. *Polk,* 81 Ark. 244, which is relied on by counsel for appellees, does not reach to the point involved here, and is without controlling force. There the court held that where the president of the levee district, who is authorized by statute to sell and convey lands for cash, conveyed land to a purchaser for part cash and part on credit, the conveyance was valid and

binding, and that the district, having received the money and notes of the purchaser, was estopped to deny that the title passed under the conveyance.    That decision was put on the ground that the act done by the president was within his powers, and that the only departure was in the method of exercising the power.

We conclude that the decree is erroneous, so the same is reversed, and the cause is remanded with directions to dismiss the complaint for want of equity.

### ON REHEARING.

### Opinion delivered February 14, 1910.

PER CURIAM.    We are asked to modify the judgment of this court so as to authorize the recovery by appellees of the amount of taxes paid on the land in controversy.    Without deciding the question whether or not appellees would be entitled to recover the taxes in a separate action, we decline to modify the judgment for the reason that the recovery of taxes is not within the issues made by the pleadings in this case.    Appellees instituted this suit to quiet title to the land and to restrain appellants from cutting timber.    No issue was made as to the recovery of taxes.

Motion overruled.