DAY *v.* CITY OF MALVERN.

4-4969

Opinion delivered March 7, 1938.

*Glover & Glover,* for appellant.
*Gordon E. Young,* for appellee.

HUMPHREYS, J.   This suit was originally brought in the circuit court of Hot Spring county by appellant against appellee to recover damages in the sum of $1,500 for breaching a contract entered into between them whereby the appellee agreed to lower lot 8 in block 22 in the city of Malvern, which was owned by appellant and which was about twelve feet above the level or grade of Main and Ash streets, to the level or grade of Main and Ash streets, for and in consideration of the bed of gravel thereon which appellee needed for constructing

its streets and alleys. It was agreed that appellee might move the house thereon to another part of the lot while removing the gravel and move the house back to its original site and put it in as good condition as it then was, when the gravel had been removed to the level of the streets. It was alleged that the contract was oral and entered into between appellant and the mayor on behalf of the city, and that pursuant thereto appellant turned the property over to the city and that it removed the house to another site on said lot and in doing so damaged it to such an extent that it was unfit for occupancy and practically worthless, and that it removed and used some 6,500 yards of gravel from the lot leaving it some six or seven feet above the grade of the streets and in a very rough condition, and failed to move the house back to its original site and restore it to its former condition.

Appellee filed an answer to the complaint denying the material allegations therein and interposed the further defense that the contract was entered into by the mayor without authority to do so and, therefore, void.

After the pleadings were made up the cause was transferred to the chancery court upon a motion and without objection and heard by the chancery court upon the pleadings and testimony introduced by appellant, at the conclusion of which the court dismissed appellant's complaint for the want of equity, from which is this appeal.

Appellee introduced no evidence and that introduced by appellant is, in substance, as follows: The lot owned by appellant was situated between Ash and Main streets, fronting on Ash street. Ash street had been lowered by the city and in doing so it was discovered that the lot contained a fine bed of gravel suitable for graveling streets and building sidewalks. The lot was about twelve feet higher than the grade of the streets and level on top and had a residence on it which appellant was renting for $5 a month. The mayor proposed to appellant that the city would cut the lot down to the level of said streets and after doing so would move the house back to

its original site and put it in the same condition or as good condition as it then was, for the gravel the lot contained. Appellant accepted the proposition and placed the city in possession thereof. It took charge of the lot, removed the house to another point on the lot, paid a carpenter and his helpers for moving same. It then removed about one-half of the gravel in its trucks off the lot with labor furnished by the WPA under the supervision of a foreman employed and paid by the city, and left the surface of the lot in an unlevel condition and left the house in a torn-up and almost worthless condition, without moving it back to its original location and refused to complete its contract with her or to pay her for damage done to her lot and house. The contract was oral and not entered into pursuant to an ordinance or resolution of the city authorizing the mayor to make the contract. The record does not reflect what it would cost to level the lot in the condition it was left and only reflects in a general way what it would cost to move the house back to its original site, put it on a foundation and in as good condition as it was before being moved.

The trial court seems to have dismissed appellant's complaint for want of equity on the theory that the contract was void because not authorized by a resolution or ordinance duly passed by the city council. At least appellee argues that the trial court correctly dismissed the complaint of appellant because the mayor did not have authority to make the contract, and in support of the argument refers us to § 9588 of Pope's Digest which is as follows:

"On a passage of every by-law or ordinance, resolution or order to enter into a contract by any council of any municipal corporation the yeas and nays shall be called and recorded; and to pass any by-law or ordinance, resolution or order a concurrence of a majority of a whole number of members elected to the council shall be required." Both the trial court and appellee, in taking this position, overlooked the fact that a contract illegally entered into or entered into without authority by agents or officers of a municipal corporation, may be rati-

fied and rendered binding upon the municipal corporation by affirmative action on its part, or some negative action, which of itself would amount to an approval of the contract. This court said in the case of *Texarkana* v. *Friedell,* 82 Ark. 531, 102 S. W. 374, that:

"A municipal corporation may ratify the unauthorized acts of its agents, or officers, which are within the scope of the corporate powers, but not otherwise. In order to have ratification there must be some affirmative action by the proper officers, or some negative action, which of itself would amount to an approval of the matter in question." In the instant case we think the contract entered into by the mayor of the city with appellant was ratified by the city by its affirmative action in paying a carpenter and his helpers to move the house to another part of the lot, and by removing the gravel from the lot in the city trucks and by employing a foreman to direct the employees of the WPA to dig and load the gravel and by using a large part of the gravel in building its streets and alleys.

Treating the contract as being a valid one by ratification of the city, the measure of appellant's damages would be the cost in leveling the surface of the lot and in removing the house to its original location, placing the same on a foundation and restoring it to the condition in which it was at the time it was moved.

On account of the error in dismissing the complaint for want of equity the judgment is reversed, and the cause is remanded with directions to the court to ascertain the cost of leveling her lot and restoring the house to its original location and condition and to render a judgment in favor of appellant against appellee for the amount of damages thus ascertained.

SMITH, J., dissents.