LYKES *v.* CITY OF TEXARKANA.

5-344                                        265 S. W. 2d 539

Opinion delivered March 8, 1954.

*George F. Edwardes,* for appellant.

*Charles Conway, Van Johnson, Boyd Tackett* and *A. G. Sanderson, Jr.,* for appellee.

WARD, J.   This appeal by a taxpayer of Texarkana challenges the ruling of the chancellor in denying his petition to enjoin the City from paying for the materials and labor in connection with the construction of rest-

rooms in the basement of the City Hall where the contract for such construction was not let pursuant to law.

On July 7, 1953, the Mayor and six of the Councilmen in Texarkana met and let a contract for Claughton to install two restrooms. This was not a regular meeting of the council and bids were not asked for. The contract price was $2,204. On July 9, 1953, appellants filed a petition in chancery court before the regular chancellor asking to restrain the City from proceeding under the alleged contract. The regular chancellor stated that he was disqualified to hear the case or to issue a temporary order but that he would call in a judge on exchange for that purpose. Judge James A. Rowles was selected to preside in the case and a hearing was set for July 15th. On the last mentioned date it was shown by appellees that the entire installation had been made and the job completed and accepted by the City. Thereupon appellants amended their pleading and asked to enjoin the City from paying out any money under the purported contract either to the contractor or to the materialmen. Upon the issue thus joined evidence was introduced and the special chancellor dismissed appellants' petition finding that the City had approved the contract and had accepted and was enjoying the benefits of the newly installed restrooms. For a reversal appellants urge several grounds of error.

First. It is insisted by appellants that they had a right to maintain this kind of an action but this need not be discussed as will appear later.

Second. Appellants contend that they did everything in their power to prevent the construction and completion of the project. They insist that they had no right, upon the disqualification of the regular chancellor, to present their petition to the county or circuit judge, relying on Ark. Stats., § 32-214.

We do not agree with appellants in this contention. The statute referred to above "provides that no injunction shall be granted by a circuit or probate judge after a motion therefor has been overruled by the court. Nor

shall any be granted by a judge of a probate court where it has been refused by the judge of the court in which the action is brought or by any circuit judge.'' The provision of this statute did not prevent appellants from presenting their petition to another judge because, as noted above, the regular chancellor did not pass on or refuse their petition, but merely disqualified himself as a judge in this particular case.

Third. It is the contention of appellants that the City of Texarkana had no statutory power to let a contract such as was done here, but that such a power rests solely in the Board of Public Affairs under the provisions of Ark. Stats., § 19-1022. In brief this statute provides:

''Said board shall have the exclusive power to make purchases of all supplies, apparatus, materials, and other things requisite for public purposes in such city, and to make all necessary contracts for work or labor to be done, or materials or other necessary things to be furnished for the benefit of such city, or in carrying out any work or undertaking of a public nature therein; but where the amount of expenditure involved therein may exceed three hundred dollars ($300), said board shall transmit to the city council an estimate thereof, and an ordinance authorizing such expenditure, with their recommendations in relation thereto, and, upon the passage of such ordinance, it shall be the duty of said board to advertise and let the work or contract to the lowest responsible bidder.''

Replying to the above and to sustain the ruling of the lower court appellees, admitting that appellants have the right to maintain this kind of an action, take the position that even though the contract was improperly let in this case still the City Council having approved the contract by ordinance and the City having accepted the job and the benefits deriving therefrom is liable to pay the fair value of all labor used and materials employed. In support of this contention they rely on, among other cases, *Texarkana* v. *Friedell*, 82 Ark. 531, 102 S. W. 374;

*City of Little Rock* v. *White Company,* 193 Ark. 837, 103 S. W. 2d 58; *Yaffee Iron & Metal Company* v. *Pulaski County,* 188 Ark. 808, 67 S. W. 2d 1017; and *Fort Smith* v. *U. S. Rubber Company,* 184 Ark. 588, 42 S. W. 2d 1004.

Appellants of course contend the contract was void because the Board of Public Affairs was by-passed and also because there was no regular meeting of the City Council where the purported contract was authorized, but, conceding appellants' contention, this does not relieve the City from all obligation to pay.

In the *Yaffee* case, *supra,* the Court said:

" 'It is immaterial that the contract was void. Appellee cannot accept and hold appellant's money, also retaining the bridges, and at the same time plead the invalidity of the contract in bar of recovery. This contention has been definitely and certainly determined by this Court in a number of cases.' "

It was also shown at the hearing on the 15th that the City held a regular meeting on the 14th and passed an ordinance approving and ratifying the project. In the *Friedell* case, *supra,* the Court approved the following from Dillon's work on Municipal Corporations:

" ' . . . a municipal corporation may ratify the unauthorized acts of its agents or officers which are within the scope of the corporate powers but not authority. The next is, that where work done for a corporation without legal authorization is for a corporate purpose, and is beneficial to it, and the price reasonable, strong evidence of the assent of the corporation is not required; but such assent must be shown. The third principal is that the ratification, whatever its form must be by the principal or by its authorized agents.' "

The rule, which seems to be conceded by appellees, under the circumstances here is that the contractor, Claughton, is not necessarily entitled to receive the full contract price of $2,204 but is only entitled to receive the fair value of his work and the labor and materials furnished. The trial court decided the case in accordance

with this rule, and found that appellants failed to show "the City did not receive full value" or "that the City was not getting its money's worth," and so dismissed appellants' complaint.

We have examined the testimony introduced on both sides and we cannot say the decision of the Special Chancellor was against the weight of the evidence on the question of fair value

The testimony is conflicting and unreconcilable and it would serve no useful purpose to set it out in full. Lykes stated the work could have been done for much less, but he admitted the workmanship and materials used were good, and apparently admits that Claughton's claim for supervisory services was fair. He was asked if he knew "The quantity of rough plumbing, labor and materials that went into the job, excluding the fixtures that you [he] already named?" His answer was: "I couldn't itemize it, no."

"Q. You do not know?

"A. I couldn't itemize it, no.

"Q. And the reason you cannot itemize it is because you do not know?

"A. Because some of it is covered up. The quality that I saw there was a standard quality, the material I saw laying there."
There was testimony by Claughton and Paul Hardy, Jr., a disinterested contractor, that the contract price was fair.

Appellants' brief contains no argument on the question of the value of the improvements, but they contend that the fair value rule does not apply where there is a lack of good faith. We are not convinced by this argument. If any lack of good faith is shown it is on the part of the City. If we should hold the City is not obligated to pay for these improvements, it would not be punished but rewarded for its exercise of bad faith.

It is our opinion that the decree of the Special Chancellor should be and it is hereby affirmed.

Justice McFADDIN not participating.