The Honorable Lonnie P. Clark State Representative P.O. Box 406 Berryville, AR 72616
Dear Representative Clark:
This is in response to your request for an opinion on several questions involving the employment of an attorney in connection with litigation instituted against the City of Green Forest, Arkansas. According to correspondence attached to your request, an attorney was hired by the mayor to represent the city in this litigation, apparently due to a conflict of interest on the part of the current City Attorney. The City Council learned of the arrangement several months later, when it was discovered that payments had been made to the attorney by the mayor in excess of a city ordinance authorizing expenditures by the major. After twelve months, the city council passed a resolution accepting a contract submitted by the attorney.
The following questions have been posed in this regard:
 1. Is the Mayor in violation of Arkansas State Statute and City Ordinance limiting expenditures of City funds?
 2. Did the lawyer operate within the rules with regards to contract requirements with clients?
 3. Would City funds paid to the lawyer by the Mayor before the Contract was approved by City Council be recoverable? If so, from whom and by what process?
 4. If the Mayor was in violation with regards to the first question herein, did acceptance of the contract by Council legitimize prior unlawful acts by the Mayor?
 5. If City council or ordinary citizens are unable to obtain an appropriate response from the Prosecuting Attorney due to a "conflict of interest", would you suggest an alternate remedy available to them?
Although we have not been supplied with the referenced city ordinance, the stated facts indicate that the Mayor violated the ordinance by failing to obtain city council approval of the contract. With regard to state law, however, this office has previously opined that the competitive bidding requirements under Act 28 of 1959, as amended, (A.C.A. 14-58-303, requiring bids where the amount of the contract exceeds $5,000.00) do not apply to cities of the second class.[1]
In response to your second question, we have reviewed the Model Rules of Professional Conduct and have discovered no rule or regulation specifically applicable in this regard. The rule addressing a lawyer's responsibilities as a representative of clients do not address themselves specifically to "contract requirements" other than, perhaps, as regards the reasonableness of a fee. The consequences of the lawyer's actions in this particular instance would, it seems, center on the contract's enforceability, rather than compliance with any established rules. It has been stated that one who contracts with a municipal corporation is charged with notice of its limited powers and must, at his own peril, inquire into its powers. 63 C.J.S. Municipal Corporations 979.
Your third question cannot be answered with a simple "yes" or "no" under the stated set of facts. We are not certain whether the city has, through its resolution, effectively ratified the amount of the fee, as well as the contract itself. It must be recognized, however, that even in the absence of ratification, an effort to recover funds paid prior to the council's approval of the contract may be successfully countered under a theory of unjust enrichment or quantum meruit. The fact that a contract is unenforceable for lack of authorization will not necessarily preclude application of one of these theories. See McCuistion v. City of Siloam Springs, 268 Ark. 148, 594 S.W.2d 233 (1980); City of Damascus v. Bivens, 291 Ark. 600, 726 S.W.2d 677 (1987). A party cannot retain the benefits of a defective contract and at the same time avoid paying for these benefits. McCuistion,268 Ark. at 151.
The case of Gladson v. Wilson, 196 Ark. 996, 120 S.W.2d 732 (1938) may offer some guidance in this regard wherein a board of managers of a city water plant employed a superintendent at a set salary under a contract which was never authorized or approved by the city council. No authority was given in the ordinance creating the board for that body to employ a superintendent. Although payment of the salary was, according to the court, a proper subject of injunctive relief (196 Ark. at 1003), the court found in favor of the retention of a sum equal to the actual value of the services performed on behalf of the city, based on quantum meruit. Id., at 1004. This theory applies where a contract is executed without objection and actual benefits have been received under it, all parties acting in good faith. Id.[2]
The following language has been quoted by the Arkansas Supreme Court in reference to a city council's ratification of a contract for materials and labor:
 `. . . a municipal corporation may ratify the unauthorized acts of this agents or officers which are within the scope of the corporate powers, but not otherwise. The next is, that where work done for a corporation without legal authorization is for a corporate purpose, and is beneficial to it, and the price reasonable, strong evidence of the assent of the corporation is not required, but such assent must be shown. The third principle is that the ratification, whatever its form, must be by the principal or by its authorized agents.'
Lykes v. City of Texarkana, 223 Ark. 287, 290, 265 S.W.2d 539
(1954), citing Texarkana v. Friedell, 82 Ark. 531, 102 S.W. 374
(1907).
There is thus authority for the proposition that the city council has lawfully ratified the contract, rendering it binding upon the city.
In response to your final question, the city council could urge the appointment of a special prosecutor due to the prosecuting attorney's conflict of interest. With regard to any remedies based upon alleged unlawful expenditures, a taxpayers' illegal exaction action may be instituted. See Const. Ark. art. 16, 13. As previously indicated, however, there are several theories upon which a defense to a taxpayers' action may be premised.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] A.G. Op. No. 87-250. It should also be noted that Act 616 of 1989 prohibits the use of competitive bidding for the procurement of professional services of a lawyer by any political subdivision.
[2] The theory does not apply where the contract is illegal because its execution requires the performance of an immoral or unlawful act, or transgresses an express statutory prohibition. Gladson, supra. It may be concluded, in response to your fourth question, that the city ratified the acts of its mayor, as reflected in the resolution attached to your request. A city may ratify the unauthorized acts of its agents or officers if those acts are within its corporate powers. See, e.g., Day v. City of Malvern, 195 Ark. 804, 114 S.W.2d 459 (1938).