Mr. Charles L. Robinson, CPA Legislative Auditor Legislative Joint Auditing Committee Division of Legislative Audit State Capitol, Room 172 Little Rock, AR 72201
Dear Mr. Robinson:
This is in response to your request for an opinion on several questions that stem from a municipal audit, wherein it was discovered that a city paid the employee's portion of the social security tax for a prior year. You state that this was done without the approval of the city council. Your specific questions are as follows:
 1. A. Under the facts described above, may the present city council retroactively approve the payment of the employee's portion of social security made in a prior year?
 1. B. If the answer to 1.A. is "yes," may the present city council approve the payment of additional social security matching in the current year for compensation paid in a prior year? (Note: Payment of the employee's portion of social security taxes is considered additional income which itself would necessitate the payment of additional employer matching.)
 2. What are the general rules whereby the governing body of a 1) municipality, 2) county, and/or 3) school district may approve retroactive legislation, and are there exceptions whereby governing bodies are prohibited from approving such legislation?
 3. May a governing body retroactively approve salaries, other compensation, or other expenses where the prior governing body was silent regarding the payment of certain compensation or expenses?
 4. May a governing body retroactively approve salaries, other compensation, or other expenses where the prior governing body specifically disallowed certain compensation or expenses?
 5. If a governing body can approve the payment of retroactive salaries, other compensation, or expenses, should the payment be charged against the appropriations and/or budget of the current year or the year to which the payment is retroactively made?
The answer to part A. of your first question is, in my opinion, "yes," unless the payment was disallowed by the prior council.See response, infra, to questions 3 and 4.
It is well-established that a municipal corporation may ratify the unauthorized acts of its officers which are within the scope of the corporate powers. See generally Day v. City ofMalvern, 195 Ark. 804, 807, 114 S.W.2d 459 (1938); Lykes v.City of Texarkana, 223 Ark. 287, 265 S.W.2d 539 (1954);McQuillin Mun. Corp. § 13.47 (3rd ed.). Although a city council cannot legally confirm or ratify ultra vires acts (beyond the scope of authority) or acts under a void law, it can generally ratify what it could previously have lawfully authorized.McQuillin, supra. The ratification must, however, be made with the same formalities required for the original exercise of the power. Id. at § 16.93.
With regard to part B. of your first question, if the council ratifies the payment made in the prior year, thus triggering the employer matching requirement, it is my opinion that the answer to this question is, generally,
"yes." It should be recognized in this regard, however, that a city may not lawfully pay for goods or services or other obligations incurred in one year out of the succeeding year's revenues unless there is a sufficient carryover in the budget category in question from one year to the next and the quorum court has validly appropriated such monies. Ark. Const. amend. 10
and Ark. Const. art. 12, § 4; See also Ark. Att'y Gen. Op. Nos. 89-111 and 85-221. The courts have, nevertheless, in the context of contracts for goods and services, ordered payment, notwithstanding the unenforceability of a contract. See,e.g., McCuiston v. City of Siloam Springs, 268 Ark. 148,594 S.W.2d 233 (1980). Although we have found no cases directly on point, a city may not be able to avoid paying social security matching in a subsequent year. If the tax is owning, it is my opinion that a court would likely order payment.
Before responding to your remaining questions, which focus generally on retroactive legislation, clarification of Opinion No. 91-141 (to which you refer in your request) is perhaps indicated. Where the question involves seemingly unauthorized acts of the city or its officers, the city council's authority to ratify those acts (so long as they are not ultra vires) may form the basis for the subsequent approval. Opinion No. 91-141 is therefore modified to clarify the applicable legal basis for subsequent action by the council. Subsequent legislative action to validate prior acts is "retroactive" in the sense that it results in approval of the acts. Ordinarily, however, the term "retroactive legislation" is used in the context of legislation operating retrospectively as opposed to in the future only. Seegenerally 62 C.J.S. Municipal Corporations (1949).
With regard to your final questions, therefore, I assume that your inquiry is focused upon subsequent action taken by a governing body in appoving or ratifying prior acts. In response to your second question, a governing body may, as a general matter, effectively ratify what it could previously have lawfully authorized. McQuillin Mun. Corp. § 13.47. However, there can be no legal confirmation or ratification of ultra vires acts, nor of acts under a void law. Id. The Arkansas Supreme Court has stated:
 A municipal corporation may ratify the unauthorized acts of its agents, or officers, which are within the scope of the corporate powers, but not otherwise. In order to have ratification there must be some affirmative action by the proper officers, or some negative action, which of itself would amount to an approval of the matter in question.
Day v. City of Malvern, supra.
With regard to your third and fourth questions, a conclusive response would require consideration of the particular circumstances in each case. As previously noted, a governing body may, as a general matter, approve prior unauthorized acts. This ordinarily arises, however, in the context of an invalid prior legislative enactment or the absence of prior legislative approval. Where an officer clearly acted contrary to law in paying salaries or other compensation, I believe that an attempt to subsequently approve any unauthorized payment may be successfully challenged under the theory that ultra vires
acts cannot be ratified. McQuillin Mun. Corp., supra. There appear, however, to be no Arkansas cases on point. This may ultimately require a judicial determination, following a review of the particular facts.
In response to your final question, if payment was made in the prior year, and subsequently ratified, it should be charged against the budget of the prior year. If payment was not made, and I am to assume that by "retroactive salaries, other compensation, or expenses" you mean that payment in a subsequent year is contemplated, it must be recognized that payment for obligations incurred in one year out of a county, city, or town's succeeding year's revenues is generally prohibited under the Arkansas Constitution. See discussion, supra, in response to part B. of your first question.
We hope that the foregoing offers sufficient guidance in addressing your general questions, and that Opinion Number 91-141 is clarified to your satisfaction.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh