LUXORA v. JONESBORO, LAKE CITY & EASTERN RAILROAD COMPANY.

Opinion delivered June 17, 1907.

1. MUNICIPAL CORPORATION—APPROPRIATION TO CORPORATION.—An appropriation by a town council of a sum of money as an inducement to a railroad company to build its road into the town and establish a depot therein, is in conflict with Const. art. 12, § 5, providing that "no county, city or town or other municipal corpo-

ration shall become a stockholder in any company, association or corporation or appropriate money for, or loan its credit to, any corporation, association, institution or individual. (Page 277.)

2. SAME—VALIDITY OF APPROPRIATION TO RAILROAD.—A town ordinance appropriating money for the benefit of a railroad company is absolutely void and can not be ratified. (Page 277.)

3. SAME—RECOVERY OF LEGAL PAYMENT.—Where the officers of an incorporated town pay out its money upon a contract which the corporation had no power to make, the payment is not the act of the town, and it may recover the money paid. (Page 277.)

Appeal from Mississippi Chancery Court; *E. D. Robertson,* Chancellor; reversed.

*W. J. Lamb,* for appellant.

The town council of appellant were without authority to appropriate the money to be paid to the appellee. Art. 12, § 5, Const. 1874. It is no defense that it is an executed contract. The town is not estopped to deny its invalidity by having received the benefit of the building of the road into the town under the ordinance, and it may recover the money paid. 58 Ark. 270; 52 Ark. 541.

*E. F. Brown* and *W. J. Driver,* for appellee.

The contract was fully executed long before this action was brought, and at an expenditure of a much greater sum by the appellee than the money paid by appellant as an inducement thereto. Appellant ought not now to be heard to say that it was an illegal contract and be permitted to recover the money. 47 Ark. 269; 53 Ark. 147; 67 Ark. 408; 74 Ark. 190; 76 Ark. 48.

McCulloch, J. The town council of the incorporated town of Luxora, as an inducement to the Jonesboro, Lake City & Eastern Railroad Company to build its road into the town and establish a depot therein, by ordinance appropriated the sum of $1,000 to be paid to said company on condition that it should execute a bond as a guaranty that it would perform the conditions of said ordinance.

A warrant was drawn on the treasurer of the town for said amount payable to the railroad company, the indemnity bond was executed and the money paid over to the company on the

warrant, and the railroad company complied with the terms of the ordinance by building its road into the town.

The town instituted this action at law to recover the money paid to the railroad company.

It must be conceded that the appropriation of money by the town council for the purpose named was in direct conflict with the Constitution of the State which provides that "no county, city or town or other municipal corporation shall become a stockholder in any company, association or corporation or appropriate money for or loan its credit to any corporation, association, institution or individual." Section 5, art. 12, Const. 1874; *Russell* v. *Tate,* 52 Ark. 541; *Newport* v. *Railway Company,* 58 Ark. 270.

The ordinance was absolutely void, and could not be ratified by acceptance of benefit thereunder by the town, as it was concerning a matter entirely beyond the scope of corporate power. *Newport* v. *Railway Company, supra.* It is only where the power is exceeded in the method of its exercise, or where the power has been exercised by some unauthorized officer or agent, that a public corporation can ratify the unauthorized act. *Book* v. *Polk,* 81 Ark. 244; *Texarkana* v. *Friedell,* 82 Ark. 531; *Hitchcock* v. *Galveston,* 96 U. S. 341; Dillon on Mun. Corp. (4th Ed.) § 463; 20 Am. & Eng. Enc. Law, p. 1181.

The only remaining question is whether the municipal corporation can recover back the money unlawfully paid out.

As we have already said, the appropriation of the money by the officers of the town was unauthorized and unlawful, and the municipality could not and did not, by acceptance of whatever benefit accrued by building the railroad into the town, ratify the act. It is not estopped to deny the validity of the appropriation of funds by the officers. That being true, there can be no principle involved which forbids the recovery of the money unlawfully paid out by the officers of the town and received by the railroad company. We find the law on this subject to be correctly stated in a similar case by the Supreme Court of Minnesota as follows: "As a general rule, when an individual or private corporation pays money voluntarily with full knowledge of the facts, and without fraud or mistake, it can not be recovered back, though there was no obligation to pay. To give effect to

the payment, however, it must be the act of the individual or corporation; and in this case the payment was not the act of the corporation. It had no authority to make it; no one of the officers, nor all of them together, had authority to make it. The case stands in law as it would had some person, not connected with the city government, taken the money from its treasury and paid it to defendants. It may be different in a case where the payment is for a legitimate purpose, within the power conferred on the municipal corporation, and is made by an officer, or upon the direction of an officer, who has authority to determine whether some condition precedent to the authority of the paying officer to pay has been complied with. As the corporation had no authority to pay the money, the payment was not a corporate act, and consequently there is no basis for the doctrine of voluntary payment." *City of Chaska* v. *Hedman,* 53 Minn. 525.

The plaintiff's remedy at law for the recovery of the money illegally paid was complete, and the case should not have been transferred to equity. This was done on the defendant's motion and over the plaintiff's objection.

Reversed and remanded with directions to remand the case to the circuit court for further proceedings not inconsistent with this opinion.