CITY OF HARRISON *v.* BOONE COUNTY.

5-3260                                    378 S. W. 2d 665

Opinion delivered May 11, 1964.

[Rehearing denied June 1, 1964.]

*Bill F. Doshier,* for appellant.

*Bruce Bennett,* Attorney General, by *John P. Gill,* Asst. Atty. General, for appellee.

GEORGE ROSE SMITH, J. This is a suit by Boone county to enforce a contract by which it leased certain county property to the city of Harrison. The city defended the case upon the ground that the contract was invalid in its inception and imposed no binding obligation upon the city. The chancellor upheld the contract and accordingly awarded the county a judgment for past-due rentals. We think the court was right.

In 1949 the county owned a rectangular block of land within the city, the tract being occupied by the courthouse. The outer ten feet along all four sides of the block was separated from the rest of the tract by a curbing. This ten-foot strip had been paved for a number of years and was used for parking and as a street. The outer edge of the strip abutted city streets on all four sides.

In April of 1949 the city council adopted an ordinance providing for the installation of parking meters within the city. At the same time the council approved an oral motion "to have the city install parking meters on the ten foot strip of county property around the county square and used for parking purposes. The county to receive one half of the net proceeds from said parking meters, the city to provide for all servicing of meters."

Thereafter the mayor and city recorder executed a contract with the county, by which the city leased the strip upon the terms recited in the ordinance. The lease was to remain in force as long as the strip was used by the city for street purposes. The contract was duly approved by an order of the county court. The city installed parking meters along the curbing of the courthouse square and accounted to the county for one half of the net revenues until 1962. The city then took the position that the agreement was void and refused to make further payments. It insists, however, that it is entitled to maintain the meters upon the county property and to keep the entire revenue for itself.

We are of the opinion that the city is legally and morally bound by its contract. The city relies primarily upon Ark. Stat. Ann. § 19-3801 (Repl. 1956), which provides that the city council shall have the care, supervision, and control of public streets within the city. This strip, however, belongs to the county and has not been dedicated as a public street. Both the city and the county have the power to enter into contracts. Ark. Stat. Ann. § 19-2301 (Repl. 1956) and § 22-601 (Repl. 1962). There is no repugnance between the city's permissive control of the strip and its obligation to repay the county for the privilege of maintaining parking meters thereon. In an analogous case we upheld the power of the county to lease two rooms in the courthouse to a city. *Fayetteville* v. *Baker*, 176 Ark. 1030, 5 S. W. 2d 302.

The city also contends that the execution of the agreement should have been authorized by a written

resolution of the council. Ark. Stat. Ann. §§ 19-2311 and 19-2403. This is not a fatal defect, for the city did have the power to enter into a contract such as this one. Under the doctrine of *Day* v. *City of Malvern,* 195 Ark. 804, 114 S. W. 2d 459, and many similar decisions, the city ratified the agreement by performing its obligations thereunder for more than thirteen years.

Affirmed.