CITY OF FORT SMITH, Arkansas et al *v.*
Doyle W. BATES and Bernice B.
BATES

76-192                                        544 S.W. 2d 525

Opinion delivered December 13, 1976
(In Banc)
[Rehearing denied January 17, 1977.]

*Daily, West, Core & Coffman,* for appellants.

*Hardin, Jesson & Dawson,* for appellees.

ELSIJANE T. ROY, Justice. In November, 1973, appellees Doyle and Bernice Bates purchased certain real property from Mrs. Jamie Williamson. The property was adjacent to Wheeler Avenue in Fort Smith, Arkansas, on which a widening project had commenced several years prior to the purchase. Before beginning this work the City of Fort Smith (hereafter City) secured permission, after lengthy negotiations, from Mrs. Williamson to utilize an eleven foot strip of land across the front of her property for widening purposes in exchange for making certain improvements to the remaining property. The agreement between the parties is incorporated in the following letter to the City of Fort Smith:

> I have enclosed the executed easement agreement as you requested in order that Wheeler Avenue can be expanded to four lanes. The easement has been signed however, subject to a reciprocal agreement by the City that the property be left clean, with utility taps at the front of the property on Wheeler Avenue. You have also agreed that *there will be two curb cuts* (location to be determined at a later date) *with two driveways paved a minimum of 40 feet on the property.* (Italics supplied.)
>
> Sincerely,
> /s/ JAMIE V. WILLIAMSON
> Jamie V. Williamson

> The City of Fort Smith acknowledges the above and will Incorporate this work as a part of the construction, for the Wheeler Avenue Widening Project.
>
> /s/ WILLIAM E. HUEY, JR.
> William E. Huey, Jr.

All of the improvements with the exception of the driveways had been completed at the time this action was filed. The City construed the agreement to require the construction of two 40-foot wide cuts in the curbs extending to the edge of the right of way and that it was not obligated to build the driveways on appellees' property. Appellees thereafter filed this action in chancery court requesting that the City be required to construct the driveways or, alternatively, that compensation be granted in the amount of $2,-870. The court decreed that the City had entered into an agreement with appellees' predecessor in title to build the two driveways 40 feet in length; that appellees had standing to enforce this agreement; that the City had ratified the actions of its employee, William Huey, in negotiating the agreement and was thereby estopped to deny its enforcement; and that appellees should be awarded compensation in the sum of $1,244.25 plus costs. Appellants thereafter perfected this appeal.

The first alleged error is the trial court's action in admitting into evidence a copy of the assignment to appellees from their predecessor in title. The document, captioned "Assignment," conveyed to appellees all rights of Mrs. Williamson pursuant to the agreement she entered into with the City. Appellants' objection to its introduction was twofold; first, that appellees did not produce the original of the document and failed to properly explain its unavailability and, second, that the copy introduced did not contain the properly authenticated signature of Mrs. Williamson.

Don Smith, the real estate broker who helped negotiate the agreement between Mrs. Williamson and appellants, at the City's request testified that the photocopy of the agreement was a true and correct reproduction of the original. Smith testified that after he secured the original instrument from Mrs. Williamson he gave it to appellees' counsel, William Wright, who stated to the court that the original had disappeared and he was unable to locate it and he only had the copy.

Smith further testified he was familiar with Mrs. Williamson's signature, having handled business for her for a number of years and having seen her signature on numerous documents. Since Smith was familiar with Mrs. Williamson's

signature his confirmation of its authenticity was sufficient. *Davis* v. *Falls,* 172 Ark. 314, 288 S.W. 723 (1926). It must follow that the chancellor acted correctly in admitting the document.

Appellants also contend error in the trial court's construction of the agreement between appellants and Mrs. Williamson.

In construing the agreement the court evaluated the conflicting testimony of Don Smith and William Huey. Huey was an engineer and assistant director of planning who was handling the widening project for the City, and he testified he signed the agreement at the instruction of Cliff Keheley, City Administrator.

Smith testified the City was unable to get Mrs. Williamson to grant the easement and he assisted the City in securing it. When he and Mrs. Williamson worked out the agreement Smith submitted it to Huey. Then Huey added a paragraph reflecting the City's acquiescence to the terms. It was Smith's testimony that the agreement meant the City should construct two driveways 40 feet in depth upon appellees' property; that this depth or length would go to the normal setback for buildings; and that he assumed the width would comply with zoning policy of the City. Although Huey's testimony was in sharp conflict, the chancellor resolved the issue in favor of appellees.

In reviewing chancery appeals we affirm unless the chancellor's holding is against the preponderance of the evidence. We also recognize that the chancellor is better situated to appraise witnesses and reconcile conflicts in testimony than the appellate court. *Minton & Simpson* v. *McGowan,* 256 Ark. 726, 510 S.W. 2d 272 (1974). Furthermore we think the plain wording of the agreement clearly supports the decision of the chancellor. Under the facts here it is not necessary to answer in detail all the contentions of appellants on this issue but we find them without merit.

In other points the City argues that the agreement is *ultra vires* and/or void; and that the agreement is outside the

scope of the authority of those agents of the City who actually negotiated it.

Appellant City contended it had no right to go upon private property to make improvements, relying *inter alia* upon Article 12, § 5 of the Arkansas Constitution which provides:

> No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual.

This section of our Constitution was not meant to apply as a limitation on the ability of the municipal corporation to acquire private property for a public purpose in exchange for fair and equitable consideration. See 63 C.J.S. Municipal Corporations § 957. Here the City agreed to construct the improvements in lieu of cash consideration for the easement acquired.

We also note the action taken by the City in other instances is contrary to its argument on this issue. On a number of the tracts, in connection with acquiring the right of way, the City allowed its contractor to go on the tracts for regrading and paving of driveways on private properties and allowed Administrator Keheley to negotiate grants for cash consideration from one dollar to several thousand dollars. To allow the City to avoid the duties assumed under the agreement by alleging that its agents had no authority to so act would result in injustice to appellees.

From the above facts it appears that Huey and Keheley acted with at least implied authority from the City, but even if we concluded that authority was absent this does not preclude appellees from recovery. In *Day* v. *City of Malvern,* 195 Ark. 804, 114 S.W. 2d 459 (1938), a case factually similar to the instant appeal, we held that:

> . . . a contract illegally entered into or entered into without authority by agents or officers of a municipal corporation, may be ratified and rendered binding upon the municipal corporation by affirmative action on its

part, or some negative action, which of itself would amount to an approval of the contract. * * *

The City accepted the property, utilized it and carried out most of the terms of the agreement. In fact, the City did not until several years later question the provision concerning the driveways. This action certainly constituted ratification under our decisions, and appellants accordingly are estopped from denying the terms of the agreement. However, in order to avoid the application of the doctrine of ratification, appellants contend the doctrine itself must have been specifically pled. Because the word "ratification" was not used in appellées' original or amended complaint, it is argued it should not have been invoked by the trial court. Although the exact word "ratification" was not used in the pleadings, the facts necessary to invoke the doctrine (agency, acceptance and retention of the benefits and knowledge of the contract) were well pled, and appellants had sufficient notice of appellees' position to allow presentation of any testimony through necessary to controvert the doctrine of ratification.

Appellants also complain about the measure of damages but we find the chancellor properly applied the standard established in *Day, supra.* As to other arguments for reversal urged by appellants we likewise find them to be without merit.

Accordingly the decree of the chancellor is affirmed.