The Honorable Neely Cassady State Senator P.O. Box 1810 Nashville, Arkansas 71852
Dear Senator Cassady:
This is in response to your request for an opinion regarding certain actions of Howard County with respect to a temporary parking lot on private property. The facts presented in your request indicate that the County hauled in several loads of gravel, at the request of a private company, and spread it on the company's private property for use as a temporary company parking lot.
The specific question posed is whether the action of the Quorum Court in approving the foregoing was proper and legal.
Article 12, Section 5 of the Arkansas Constitution is potentially applicable in this instance. This constitutional provision states as follows:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual.
It has been stated that the foregoing provision is intended to prevent the named entities from appropriating money or lending their credit to corporations, associations, institutions, or individuals who are engaged in purely private enterprise, or who, if organized for public enterprises, might exploit or use the public funds for private gain. Bourland v. Pollock, 157 Ark. 538,547, 249 S.W. 360 (1923).
In Bourland v. Pollock, supra, the Arkansas Supreme Court held that a municipal corporation could make an appropriation to a welfare association organized to render aid to the poor of the city. In that case, the welfare association was performing the same duties that the city would have had to perform. The city chose to perform those duties through the agency by contributing its funds to the welfare associations.
The Supreme Court has also held that this constitutional provision was not meant to prohibit a municipal corporation from acquiring private property for a public purpose in exchange for fair and equitable consideration. In City of Fort Smith v. Bates, 260 Ark. 777,544 S.W.2d 525 (1977), the Court upheld the City of Forth Smith's agreement to construct a driveway on private property in lieu of paying cash consideration for an easement. Article 12, Section 5 was also construed in Gordon v. Woodruff County,217 Ark. 653, 232 S.W.2d 832 (1950), wherein the Supreme Court recognized that the scope of "county purposes" extends to promoting agricultural, manufacturing, and educational interests of the community, and affirmed the lower court's approval of a quorum court appropriation for the construction of buildings to be used on a part-time basis by a nonprofit county fair association. Of particular significance in that case was the fact that the association's access to the buildings, which would be owned by the county, was for a limited period each year; the buildings were used for storing county machinery and supplies during the remainder of the year. 217 Ark. at 656.
The foregoing cases supply instances in which county or municipal appropriations have withstood constitutional attack under Article 12, Section 5. The quorum court's actions in the case at hand do not appear, based upon the facts presented in your request, to fall within the Court's rulings in these cases. It appears, instead, that an appropriation has been made for a private corporation, and that the various controlling elements in the foregoing cases are not present in this instance. The parking lot is apparently privately owned, and it may be concluded that the transaction does not reflect an exchange for fair and equitable consideration. See City of Fort Smith v. Bates, supra.
The Supreme Court's ruling in Town of Luxora v. Jonesboro, Lake City E.R. Co., 83 Ark. 275, 103 S.W. 605 (1907) offers further indication that the Quorum Court's actions may be subject to challenge. Money was appropriated by a town in that case to be paid to a railroad company on condition that it build its road into the town. The Court determined that this appropriation was "in direct conflict with the Constitution of this State," citing Article 12, Section 5. 83 Ark. at 277. The case of Halbert v. Helena-West Helena Industrial Development Corporation, 226 Ark. 620,291 S.W.2d 802 (1956) may also offer guidance wherein the Court invalidated an act authorizing the purchase of memberships in local industrial development corporations by cities and towns. [The act was subsequently amended to permit a city or town to invest its surplus funds in the bonds or other obligations of an industrial development corporation.] The ruling was based upon the Court's conclusion that the act, in effect, authorized municipal corporations to grant financial aid to such corporations, contrary to Article 12, Section 5.
A review of these cases highlights the necessity of considering all relevant facts and circumstances in applying the prohibitions contained within Article 12, Section 5. Other material facts outside those contained in your request may, therefore, compel modification of this opinion. It may be concluded, however, based upon the facts presented, that the Quorum Court's actions in this instance are subject to challenge under Article 12, Section 5 of the Constitution of Arkansas.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC:ble