Joe Hardegree Prosecuting Attorney 507 Hickory Street Mena, AR 71953
Dear Mr. Hardegree:
This is in response to Deputy Prosecuting Attorney Charles E. Black's request for an opinion on the following questions:
 1. Did or do the enclosed ordinances, No. 49 (Polk County, AR) and No. 7141 (City of Mena, AR), both passed in August, 1978, create a valid legal regional airport authority under the Regional Airport Act (A.C.A. 14-362-101 et seq.)?
 2. Is or was the creation of the regional airport authority governed by the statute on interlocal agreements, A.C.A. 14-14-910? If so, is the agreement in proper form and compatible with the laws of the State of Arkansas? If the agreement is not in proper form or if it is otherwise incompatible with State law, what should be done to bring the agreement into compliance/conformity with State law?
Arkansas Code of 1987 Annotated 14-362-103 (part of the Regional Airport Act) must be considered in response to your first question. Subsection (a)(1) establishes the authority of counties and municipalities to create "one (1) or more authorities for the purpose of acquiring, equipping, constructing, maintaining, and operating regional airports." Subsection (a)(2) states that no county or municipality shall participate in such authority "unless and until its governing body so provides and enters into an agreement with the other participating governing bodies, establishing the terms and conditions for the operation of the authority. . . ." "Governing body" is defined under A.C.A.14-362-102(3) as "the council, board of directors, or city commission of any municipality or the county court of any county."
Section 14-362-103 does not address the particular form of the agreement. A review of the ordinance in this instance (Polk Co. Ordinance No. 29 and City of Mena Ordinance No. 714) reveals that the ordinances "shall be taken . . . as an agreement and compact between the County of Polk and the City of Mena for the creation and operation of the Regional Airport Authority." (Polk County Ord. No. 49, 3; SEE ALSO City of Mena Ord. No. 714, 3.) The ordinances therefore appear to have been approved as embodying the agreement. The Regional Airport Act would not appear to prohibit this form or method of agreement.
The only remaining question in this regard is whether the "governing body" has "so provide[d] and enter[ed] into" the agreement. A.C.A. 14-362-103(a)(2). We have not been provided with information sufficient to make this determination. The submitted copy of the Polk County ordinance indicates that it was approved by the County Judge; the copy of the Mena ordinance is unsigned. If the ordinance was approved by the "governing body," it may reasonably be concluded that a valid authority was created under the Regional Airport Act (A.C.A. 14-362-101 ET SEQ.).[1]
The answer to the first part of your second question is, in my opinion, "no." Section 14-14-910, which authorizes interlocal agreements between and among counties and other political subdivisions, is part of the County Government Code. This Code section is general authority for county interlocal agreements. It is my opinion, however, that the specific provisions of the Regional Airport Act (A.C.A. 14-362-101 ET SEQ) govern the creation of this regional airport authority since, as a matter of statutory construction, a general law does not apply where there is another special statute governing the particular subject. SEE, e.g., BROWN ROOT, INC. v. HEMSTEAD COUNTY SAND GRAVEL, INC.,767 F.2d 464 (8th Cir. 1985).
A response to the remaining questions involving the proper form of the agreement is therefore unnecessary. We would note, however, that the agreement does appear to specify the information provided for in A.C.A. 25-20-104(c) (part of the Interlocal Cooperation Act), as required under A.C.A. 14-362-103(b).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
cc: Charles E. Black, Deputy Prosecuting Attorney
[1] It should be noted in this regard that there is authority for the proposition that the failure of a city council to authorize the execution of an agreement is not a fatal defect where the city has ratified the agreement by performing its obligations thereunder for a number of years. SEE, e.g., CITY OF HARRISON v. BOONE COUNTY, 238 Ark. 113, 378 S.W.2d 665 (1964).