The Honorable Ann H. Bush State Representative P.O. Box 246 Blytheville, Arkansas 72316-0246
Dear Representative Bush:
I am writing in response to your request for my opinion on the following question:
 Does the City of Gosnell or the Gosnell Water Association have the responsibility for paying for new fire hydrants and/or replacing old ones in areas other than new subdivisions?
In support of your request, the city attorney informs me that the Gosnell Water Association (the "Association"), a non-profit water association, owns the water system. He reports that the developers are charged with placing and paying for fire hydrants in new subdivisions, but that the responsibility is unclear for other areas.
RESPONSE
Answering your question would entail conducting a factual inquiry this office is neither equipped nor authorized to undertake. Counsel for the city and the water association should consult the water association's charter documents and any applicable contracts to determine who is responsible for what.
Given your description of the Association as "a non-profit water association," I assume it is organized under either the Arkansas Nonprofit Corporation Act of 1963, A.C.A. §§ 4-28-201 through -206 and4-28-209 through -224, or the Arkansas Nonprofit Corporation Act of 1993, A.C.A. §§ 4-33-101 through -1532. I further assume the Association is authorized under its articles of incorporation and bylaws to own and to operate the water system. Unfortunately, your request does not contain any other information that might enable me to respond to your question. I do not know, for instance, whether the city and the Association are parties to any contract that might assign responsibility for the improvements at issue.[1] I also do not know whether any provision of the Association's articles of incorporation or bylaws addresses how the cost of improvements will be allocated. I am consequently unable to advise you beyond pointing out that if these documents address this issue, they should control.
If your question is not answered by the Association's charter documents or a contract between the Association and the city, I would assume the responsibility for making improvements would lie with the Association as owner of the system. Nothing in the Code imposes on a city any obligation to maintain or improve a privately owned water system. Section 17-38-204
of the Code does charge the owner of any water system with the obligation to maintain it in accordance with Department of Health standards; see also requirements imposed by Public Water System Service Act, A.C.A. §20-28-101 et seq. Absent some express contractual provision to the contrary, this statute likely dictates that the Association undertake any needed improvements.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
[1] Municipalities have general authority to enter into contracts, see A.C.A. § 14-54-101 and Harrison v. Boone County, 238 Ark. 113,378 S.W.2d 665 (1964), and nothing would preclude the city from contractually assuming financial responsibility for improvements that benefit its citizens.