The Honorable Mike Everett State Senator 412 Broadway Marked Tree, AR 72365
Dear Senator Everett:
I am writing in response to your request for an opinion regarding application of the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. § 25-19-101 et seq. Your question relates to the Cross County Economic Corporation ("CCEC") — a private, nonprofit corporation that by county ordinance receives sales tax revenues to promote economic development. You report that the citizens of Cross County have recently passed a one-cent sales tax to be used by CCEC. The membership of CCEC comprises 30 people — two from each justice-of-the-peace district and all the mayors in the county. The CCEC has an executive committee consisting of its officers and various elected officials who make recommendations to the corporation. Against this backdrop, you have posed the following question:
 Are the CCEC and its executive committee subject to the FOIA; more specifically, are they required to make the meetings public with public notice as per the statute?
RESPONSE
With respect to meetings of CCEC's board of directors, I believe the answer to your question is "yes." With respect to meetings of CCEC's advisory executive committee, I believe the answer to your question is "no" unless (1) each committee recommendation is tantamount to a final determination that the board of directors invariably adopts; or (2) the advisory committee is composed of or includes a significant number of CCEC board members.
Your request closely resembles one addressed by one of my predecessors in the enclosed Ark. Op. Att'y Gen. 90-243, which concluded that a private, nonprofit Chamber of Commerce was subject to the FOIA when it received public funds to promote economic development. As indicated in my predecessor's opinion, the initial inquiry is whether the private organization is "wholly or partially supported by public funds or expending public funds." A.C.A. § 25-19-103(1). If so, the analysis focuses on the extent to which the funds serve a public purpose. As Professor Watkins notes in his treatise on the FOIA:
 [T]he FOIA applies only to private organizations that (1) receive public funds, (2) engage in activities that are of public concern, and (3) carry on work that is intertwined with that of government bodies. This approach is sound. If the mere receipt of public funds were enough to trigger the act, it would reach anyone who received government largesse, include welfare recipients and private hospitals that receive Medicare and Medicaid payments. As the Supreme Court has recognized, however, the FOIA should apply when the government "seeks to conduct its affairs through private entities," for in that situation "the entities are for all practical purposes the government itself." Or, as the Attorney General has put it, the FOIA covers a publicly funded organization that enjoys a "symbiotic relationship" with the state or its political subdivisions: "[w]hen the activities of a private organization and the government become intertwined, the private organization may well render itself part of the State for [FOIA] purposes."
J. Watkins, The Arkansas Freedom of Information Act 42 (3d ed. 1998) (footnotes omitted), quoting City of Fayetteville v. Edmark,304 Ark. 179, 187, 801 S.W.2d 275, 279 (1990) and Ark. Op. Att'y Gen. No. 83-163.
According to your summary, CCEC's sole mission is to serve the public purpose of fostering economic development in Cross County — a task it performs using public tax revenues and the services of public officials. Under these circumstances, I believe the meetings of CCEC's board of directors must clearly be publicly announced and open pursuant to the FOIA, which provides in pertinent part:
 Except as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies of all municipalities, counties, townships, and school districts and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds, shall be public meetings.
A.C.A. § 25-19-106(a).[1] See Ark. Op. Att'y Gen. 94-023 (opining that Fort Smith Chamber of Commerce subject to FOIA when it received membership dues from the city and engaged in "industrial recruiting");see also Ark. Ops. Att'y Gen. Nos. 96-290, 95-121 and 90-243 (enclosed).
I am unable to offer a similarly categorical opinion regarding meetings of CCEC's executive committee, which you indicate "make[s] recommendations for the corporation." In the enclosed Ark. Op. Att'y Gen. No. 99-407, I offered the following with respect to advisory committees:
 In Op. Att'y Gen. 98-113, my predecessor quoted with approval language from an earlier Attorney General Opinion (96-074) to the effect that:
 The FOIA's open meetings requirement only applies to "governing bodies." Professor John Watkins, author of Arkansas Freedom of Information Act (2d ed. mm Press 1994) and leading commentator on the FOIA, has taken the position that the pertinent factor in determining whether a particular group constitutes a "governing body" is whether it has decision-making authority. Id. at 46; Baxter County Newspapers v. Medical Staff of Baxter General Hospital, 273 Ark. 511, 622 S.W.2d 495
(1981).
* * *
It has been previously stated with respect to advisory bodies that:
 Although there are no Arkansas Supreme Court cases addressing this precise question, there is authority in other jurisdictions for the general proposition that advisory committees do not fall within state sunshine statutes similar to the [FOIA]. See Watkins, Open Meetings Under the Arkansas Freedom of Information Act, 38 Ark. L. Rev. 268, 294-295 (1984), citing Sanders v. Benton, 579 P.2d 815 (Okla. 1978) and McLarty v. Board of Regents, 231 Ga. 22, 200 S.W.2d 117 (1973). The rationale set forth in those cases is premised upon the theory that committees lacking final decision-making or policy-making authority are generally not considered "governing bodies" of the municipalities or counties for purposes of the FOIA. However, where an "advisory" committee has become a "de facto governing body" by virtue of the governing body's automatic acceptance of its recommendations, open meeting requirements of the FOIA may apply. See Watkins, supra at 299-300.
Op. Att'y Gen. 91-288 at 1-2.
If, as a matter of fact, CCEC's executive committee exercises no final decision-making authority, instead serving only to make recommendations that the CCEC board may and sometimes does reject, I believe the CCEC's executive committee may qualify as an "advisory" body to which the provisions of the FOIA do not apply. However, this purely factual question is one I am neither equipped nor authorized to answer.
I should further note that even if the executive committee's recommendations are not invariably adopted, it will nevertheless be subject to the FOIA if it is composed exclusively of CCEC board members. As my immediate predecessor noted in Ark. Op. Att'y Gen. No. 98-169, "if the parent body is subject to the FOIA's open meeting requirements, the same requirement attaches to meetings of subgroups of the governing body." See Arkansas Gazette Co. v. Pickens, 258 Ark. 69, 522 S.W.2d 350
(1975).
The analysis becomes somewhat more complicated if the executive committee comprises both board members and outsiders. Neither the Attorney General nor the Supreme Court has yet found occasion to consider whether an advisory committee composed only partially of governing board members will be subject to the FOIA. However, I believe the following analysis would apply even to mixed committees of board members and third parties:
 Board members can thus acquaint themselves with the issues involved in controversial subjects, hear those issues discussed and debated, and definitely form their conclusions without the particular issues being discussed at the board meeting at all. The concurring opinion by Chief Justice Adkins in the Florida case of Jones v. Tanzler, 238 So.2d 91
(the court having decided the case by a short per curiam), is pertinent to this question. There, the Chief Justice stated that a parent body could divide itself into groups of small committees, each member of the committee thus having a chance to commit himself concerning a matter on which foreseeable action would be taken by the parent authority, and the public would have no opportunity to be heard. It was then pointed out that the action of the entire parent body in a public meeting would thus be only an affirmation of the various secret committee meetings that had been held.
Pickens, 258 Ark. at 75. I believe the Supreme Court might well conclude that at least in certain instances these factors would dictate applying the FOIA to meetings of an advisory committee composed only partially of governing board members.[2]
Finally, I feel compelled to echo one of my predecessors' reservations regarding the constitutionality of the City and County Economic Development Grant Authorization Act, A.C.A. § 14-173-101 et seq., under which I assume CCEC is being funded. See enclosed Ark. Ops. Att'y Gen. Nos. 90-243 and 90-279. At issue is the application of Ark. Const. art. XII, § 5, which provides in pertinent part: "No county, city, town or other municipal corporation shall . . . appropriate money for, or loan its credit to, any corporation, association, institution or individual." I have reviewed the rather complicated history of case law applying this article in the enclosed Ark. Op. Att'y Gen. No. 1999-408. As reflected in my analysis, it remains somewhat unclear what types of entities can constitutionally receive public funds. However, as I noted in my analysis, the case of Halbert v. Helena-West Helena IndustrialDevelopment Corp., 226 Ark. 620, 625, 291 S.W.2d 802 (1956), which declared unconstitutional a local government's purchase of a "membership" in a local industrial development corporation, "establishes beyond all question that a municipality cannot contribute to a private, nonprofit corporation regardless of whether the corporation serves a `public purpose.'" However, as I further noted, a county might nevertheless contract with a private, nonprofit corporation for services that benefit the public:
 Nothing in the constitution precludes the county from contracting with a private nonprofit charity, so long as the contract is supported by adequate consideration and serves a proper governmental end. Cities and counties clearly can enter into contracts that are supported by valid consideration. See Ops. Att'y Gen. No. 98-025 and 97-250; A.C.A. § 14-54-101(2); City of Ft. Smith v. Bates, 260 Ark. 777, 544 S.W.2d 525
(1976); City of Harrison v. Boone County, 238 Ark. 113, 378 S.W.2d 665
(1964). Moreover, this authority includes the power to contract with nonprofit organizations. See Woodruff v. Shockey, 297 Ark. 595, 764 S.W.2d 431 (1989). Such contracts have been upheld as not being in violation of Article 12, § 5. See Arkansas Uniform Linen Supply v. Institutional Services Corp., 287 Ark. 370, 700 S.W.2d 358 (1985).
To the extent, then, that what you term "the development of economic development plans" is an appropriate governmental function, the county might contract for its performance by CCEC. Again, the decision to undertake such a contract would necessarily be based on factual considerations I am unprepared and unauthorized to review.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
Enclosures
[1] I confess that the statutory phrase "organizations of the State of Arkansas" has a decidedly public ring that might initially raise a question regarding its applicability to private entities. However, as noted above, both the Supreme Court and Professor Watkins have focused on the language "supported wholly or in part by public funds or expending public funds" as a basis for extending the FOIA's coverage to certain private organizations. See Edmark, supra, and Watkins, supra at 49-50, 69 n. 84. This conclusion is consistent with the following definition set forth at A.C.A. § 25-19-103(2):
 "Public meetings" means the meetings of any bureau, commission, or agency of the state, or any political subdivision of the state, including municipalities and counties, boards of education, and all other boards, bureaus, commissions, or organizations in the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds. (Emphasis added.)
The highlighted language "organizations in the State of Arkansas" appears to resolve any confusion that might have been generated by the phrase "organizations of the State of Arkansas" in A.C.A. § 25-19-106(a).
[2] You do not indicate in your request whether the "officers and various elected officials" include anyone outside the 30-member CCEC board. I am consequently unable to determine whether the analysis just offered even applies in this case.