The Honorable Jimmy "Red" Milligan State Representative P.O. Box 68 Yellville, Arkansas 72687-0068
Dear Representative Milligan:
I am writing in response to your request for my opinion on whether the following proposed resolution, if enacted, would be in violation of the law:
RESOLUTION NO. _____
 A RESOLUTION AUTHORIZING FORMATION OF A PUBLIC-BENEFIT CORPORATION; AUTHORIZING EXPENDITURE OF CITY FUNDS FOR PUBLIC PURPOSES AND RELATING TO OTHER MATTERS.
 WHEREAS, Act 1147 of 1993 authorized governmental entities to form and create a public-benefit, non-profit corporation;
 WHEREAS, it is in the best interests of the citizens of the City of Flippin, Arkansas for the City to join the Cities of Norfolk, Arkansas and Calico Rock, Arkansas, in the formation of a public-benefit, non-profit corporation to be know [sic] as the White River Line Historical Railway Society, Inc.;
 WHEREAS, the formation of the corporation will allow a railroad to operate within the City which will enhance tourism in the City of Flippin, Arkansas, which in turn creates more job and business opportunities, increased sales volume for existing businesses, and increased revenues for the City of Flippin;
 WHEREAS, the formation of the corporation will enhance the availability of grants for City beautification projects, such as new sidewalks, better street lighting, and enhancement of the Main Street area of Flippin; and
 WHEREAS, the sole purpose of the formation of said Corporation is to aid and promote tourism within said City and to enhance and beautify the City.
 THEREFORE BE IT RESOLVED by the City Council of the City of Flippin, Arkansas;
The City of Flippin, Arkansas is hereby authorized to join other cities in North Central Arkansas for the formation of a public-benefit, non-profit corporation; and
The City of Flippin, Arkansas is authorized to expend up to $6,000.00 to said corporation, with said funds being utilized to further public purposes set forth herein.
DATED this ____ day of September, 2001.
_____________________ MAYOR
_________________ RECORDER
RESPONSE
I am unable decisively to answer this question because of what I consider an ambiguity in the phrase "to expend up to $6,000.00 to said corporation." If this phrase contemplates simply contributing this sum to the corporation, I believe the proposed Resolution would violate Ark. Const. art. 12, § 5. However, assuming the corporation in fact qualified as a "public benefit corporation," see A.C.A. § 4-33-140(29), and further assuming that the proposed expenditure constituted reasonable consideration for contractual services by the corporation in pursuit of a proper governmental end, I believe the proposed Resolution would pass constitutional muster. Finally, I question why the three cities referenced in your request have not elected to pursue their proposed joint venture through the Interlocal Cooperation Act, A.C.A. §§ 25-20-101 through -107 (Repl. 1996 
Supp. 2001), which appears uniquely suited to allow the cities to pursue their goals without encountering constitutional difficulties.
As the proposed Resolution asserts, Act 1147 of 1993, codified at A.C.A. §§ 4-33-101 through -1707 (Repl. 1996 Supp. 2001), the Arkansas Nonprofit Corporation Act of 1993 (the "Act"), indeed authorizes municipalities to form nonprofit corporations. Specifically, A.C.A. § 4-3-201 authorizes one or more "persons" to incorporate a corporation under the Act; A.C.A. § 4-33-140(26) of the Code defines the term "person" as including "any individual or entity"; A.C.A. § 4-33-140(15) defines the term "entity" as including the "state"; A.C.A. § 4-33-140(33) defines the term "state" as including any of the state's "governmental subdivisions"; and A.C.A. § 4-33-140(18) defines the term "governmental subdivision" as including any "municipality." It follows that the City of Flippin is authorized to join with the City of Norfolk and the City of Calico Rock to form a "public benefit corporation," which as statutorily defined in pertinent part as follows:
 "Public benefit corporation" means a domestic corporation which is formed as a public benefit corporation pursuant to subchapter 2 . . . to benefit society or improve the human condition.
A.C.A. § 4-33-140(29).[1] Although the statement of purposes set forth in the Resolution would appear to qualify as intended "to benefit society or improve the human condition," only a finder of fact could determine whether the corporation as organized and operated in fact qualified as a "public benefit corporation."
As suggested above, I am troubled by the provision of the proposed Resolution purporting to authorize an expenditure "up to $6,000.00 to said corporation." In my opinion, if this provision is intended to authorize what amounts to a grant to the corporation, I believe it would violate the provisions of Ark. Const. art. 12, § 5, which provides:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association, or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual.
I am enclosing for your information Ark. Op. Att'y Gen. No.1999-408, in which I discussed at some length the rather complicated history of how this constitutional provision has been applied in determining the permissibility of county and municipal donations to private entities. Although I will not repeat my analysis here, I draw your attention in particular to the following excerpt from my previous opinion:
 In Halbert v. Helena-West Helena Industrial Development Corp., 226 Ark. 620, 625, 291 S.W.2d 802
(1956), the Court adopted what seems a much stricter interpretation of art. 12, § 5, offering the following analysis of the statutorily authorized purchase by a local government of a "membership" in a local industrial development corporation:
 Under Section 20 of the Act 404, a city, town or county is allowed to "purchase membership" in a local industrial development corporation. It would be doing indirectly what the Constitution forbids to be done directly, if a county or municipality were allowed to purchase a membership in the corporation, because such purchase of "membership" would certainly be granting financial aid to the said local corporation. When the Arkansas Legislature allowed the creation of local development corporations as private non-profit corporations, it could not at the same time allow counties or municipalities to grant financial aid to such corporations.
Halbert thus establishes beyond all question that a municipality cannot contribute to a private, nonprofit corporation regardless of whether the corporation serves a "public purpose."
See also City of Little Rock v. Venhaus, 302 Ark. 204,788 S.W.2d 478 (1990) (reversing a chancellor's distribution to nonprofit charitable corporations of residuals remaining from an illegal exaction).
I summarized my analysis in Opinion No. 1999-408 as follows:
 In the wake of Venhaus . . ., it is clearly impermissible [for a county or municipality] to contribute to a private nonprofit corporation. . . . Perhaps the most that can be said is that if an entity is authorized by statute and is not organized as a private nonprofit corporation, and especially if the donations themselves are authorized by statute, a donation of county or municipal funds may be constitutional. These principles reflect a clear move by the Court to reassert that public moneys may only be put to public use.
(Emphasis added.) In my opinion, then, it would clearly be impermissible for the City of Flippin to contribute funds to the proposed nonprofit public benefit corporation.
However, as I further observed in Opinion No. 1999-408:
 [N]othing in the constitution precludes the county from contracting with a private nonprofit charity, so long as the contract is supported by adequate consideration and serves a proper governmental end. Cities and counties clearly can enter into contracts that are supported by valid consideration. See Ops. Att'y Gen. No. 98-025 and 97-250; A.C.A. § 14-54-101(2); City of Ft. Smith v. Bates, 260 Ark. 777, 544 S.W.2d 525 (1976); City of Harrison v. Boone County, 238 Ark. 113, 378 S.W.2d 665 (1964). Moreover, this authority includes the power to contract with nonprofit organizations. See Woodruff v. Shockey, 297 Ark. 595, 764 S.W.2d 431 (1989). Such contracts have been upheld as not being in violation of Article 12, § 5. See Arkansas Uniform Linen Supply v. Institutional Services Corp., 287 Ark. 370, 700 S.W.2d 358 (1985). . . . Again, the decision to undertake such a contract would necessarily be based on factual considerations I am unprepared and unauthorized to review. I advise you to consult with local counsel regarding such matters.
I continue to subscribe to this excerpt as accurately stating the law and would accordingly advise you as well to seek the city attorney's counsel regarding whether the conditions exist to negotiate a contract. Without presuming to anticipate this advice, I will express some reservation about the propriety of the city's committing to a contract with an entity that does not yet exist.
Finally, although you have not raised the issue in your request, I feel obliged to note that the three municipalities referenced in your request clearly qualify as "public agencies" authorized to undertake an approved joint enterprise pursuant to the provisions of the Interlocal Cooperation Act. See A.C.A. §§25-20-103 and -104. In my opinion, so long as the proposed enterprise is deemed to serve a public purpose — a conclusion I believe finder of fact would in all likelihood reach — the three cities might authorize expenditures for their joint enterprise under the Act without encountering the constitutional difficulties discussed above. The three cities involved may wish to consult with their respective city attorneys regarding this option.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure
[1] Section 4-33-1707 of the Code, which addresses election to proceed under the Act by a corporation in existence as of January 1, 1993, defines as a "public benefit corporation" any corporation designated as such by statute, any corporation that is exempt under section 501(c)(3) of the Internal Revenue Code,26 U.S.C. § 501(c)(3), or any corporation that is "organized for a public or charitable purpose and that upon dissolution must distribute its assets to a public benefit corporation, the United States, a state or a person that is recognized as exempt under section 501(c)(3) of the Internal Revenue Code, or any successor section. . . ."