The Honorable Jay Bradford State Representative P.O. Box 8367 Pine Bluff, AR 71611-8367
Dear Representative Bradford:
You have presented the following questions for my opinion:
 (1) Can a city of the first class contract out the service of summons for criminal and traffic cases? If so, can the city still collect the authorized fee for service of the summons and charge it back to the defendant?
 (2) If subpoenas for these same cases are served by off-duty officers as independent contractors, can the fee for service of subpoenas be collected by the police department and charged back to the defendant?
RESPONSE
Question 1 — Can a city of the first class contract out the service ofsummons for criminal and traffic cases? If so, can the city still collectthe authorized fee for service of the summons and charge it back to thedefendant?
It is my opinion that a city of the first class can contract out the service of summons for criminal and traffic cases, provided that it contracts only with persons who are authorized to serve summons.
The city's general authority to enter into contracts arises out of A.C.A. § 14-54-101 ("Cities . . . organized under the provisions of this subtitle are declared to be bodies politic and corporate, . . . capable to: . . . (2) Contract and be contracted with[.]"). See City of Harrisonv. Boone County, 238 Ark. 113, 378 S.W.2d 665 (1964).
However, the city's authority to contract concerning the service of summons must comply with the strictures that apply to such service. Although city police are expressly authorized to serve city summons, see
A.C.A. § 14-52-202(b)(2), they are not authorized to deputize other persons to serve summons. Only certain persons are authorized to serve summons.
Rule 6.3 of the Arkansas Rules of Criminal Procedure states:
Criminal summons may be served by:
(a) any method prescribed for personal service of civil process; or
 (b) certified mail, for delivery to addressee only with return receipt requested.
Ark. R. Crim. P., Rule 6.3.
It is therefore necessary to look to the provisions of the Rules of Civil Procedure concerning service of summons. The applicable rule is Rule 4, which states in pertinent part:
 (c) By Whom Served. Service of summons shall be made by (1) a sheriff of the county where the service is to be made, or his or her deputy, unless the sheriff is a party to the action; (2) any person not less than eighteen years of age appointed for the purpose of serving summons by either the court in which the action is filed or a court in the county in which service is to be made; (3) any person authorized to serve process under the law of the place outside this state where service is made; or (4) in the event of service by mail or commercial delivery company pursuant to subdivision (d)(8) of this rule, by the plaintiff or an attorney of record for the plaintiff.
Ark. R. Civ. P., Rule 4(c).
The city may only contract for the service of summons with persons authorized to serve summons by the above quoted provision. Assuming that the city contracts with an authorized person for the service of summons, its officers are expressly authorized to collect the fee for this service. This authority is set forth primarily in A.C.A. § 21-6-502, as follows:
 For issuing a subpoena or warrant of arrest and for summoning or arresting the witnesses, officers shall be allowed the same fees as are allowed to clerks and sheriffs for similar services.
A.C.A. § 21-6-502. I have previously interpreted the term "officers," as used in the above quoted provision, to include municipal officers. See
Ops. Att'y Gen. Nos. 2003-187; 2000-303. Under the authority of A.C.A. §21-6-502, city officers are permitted to collect the same amount for service of summons that sheriffs are permitted to collect. Under A.C.A. § 21-6-307, sheriffs are permitted to charge a fee of $25.00 for the service of summons. This fee is to be collected from the defendant. A.C.A. § 16-90-113; Ops. Att'y Gen. Nos. 2003-019; 2000-303. However, it cannot be collected until after the final judgment against the defendant has been entered. A.C.A. § 16-90-113; Ops. Att'y Gen. Nos. 2003-187; 2000-303.
It is my opinion that the city is entitled to collect the authorized fee for the service of summons even in situations in which it has contracted out the task of service. In such situations, the contractor has acted on behalf of the city and will be reimbursed pursuant to the contract.
Question 2 — If subpoenas for these same cases are served by off-dutyofficers as independent contractors, can the fee for service of subpoenasbe collected by the police department and charged back to the defendant?
It is my opinion that if subpoenas are served by off-duty officers as independent contractors, the fee for service of subpoenas can be collected by the police department from the defendant.
This issue is governed by A.C.A. § 16-90-113, which states:
 (a) In judgments against the defendant, a judgment for costs, in addition to the other punishment, shall be rendered. This judgment shall be taxed by the clerk and shall be for the benefit of the officers rendering the service.
 (b) In case of failure by the defendant to pay the costs, they shall be paid by the county where the conviction is had.
A.C.A. § 16-90-113.
I have previously interpreted the term "costs," as used in the above quoted provision, to encompass to any costs that are necessarily incurred in the process of obtaining a conviction. See Op. Att'y Gen. No.2003-019. In my opinion, the cost of serving subpoenas is such a cost, and can therefore be included in the judgment against the defendant, and collected pursuant to the authority granted in A.C.A. § 21-6-502. I reiterate that this fee can be collected only after judgment has been entered against the defendant.
I must note that in my opinion, the "costs" that are referred to in A.C.A. § 16-90-113 are not among the types of court costs that were repealed or superseded by Act 1256 of 1995 (codified in pertinent part at A.C.A. § 16-10-301 et seq.), which created a system of uniform court costs. Accord, Ops. Att'y Gen. Nos. 2003-019; 2002-303. That Act prohibits courts from assessing or collecting any costs other than those authorized by the Act "unless specifically provided by state law." A.C.A. § 16-10-305(d). The collection of a fee for service of summons is specifically provided by state law, see A.C.A. §§ 21-6-307, -502, and was therefore not impacted by Act 1256 of 1995. This fee can therefore be collected by the city from the defendant.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General