The Honorable Beverly Pyle State Representative 1017 Dorothy Drive Cedarville, AR 72932-9501
Dear Representative Pyle:
I am writing in response to your request for my opinion on the following question:
Is it legal for cities to give monies to Boys and Girls Clubs?
RESPONSE
In my opinion, the answer to this question is "no."
In support of this response, I am enclosing for your information Ark. Op. Att'y Gen. No. 2001-135, in which one of my predecessors answered in the negative a question materially identical to yours, and Ark. Op. Att'y Gen. No. 1999-408, in which the same predecessor offered an extensive discussion of the Arkansas Supreme Court's historical pronouncements regarding what charitable expenditures a city might permissibly make. As my predecessor observed in Opinion No. 2001-135:
 As I noted in [Opinion No. 1999-408], the leading case of Halbert v. Helena-West Helena Industrial Development Corp., 226 Ark. 620, 625-26, 291 S.W.2d 802 (1956)" establishes beyond all question that a municipality cannot contribute to a private, nonprofit corporation regardless of whether the corporation serves a `public purpose.'" The court in Halbert based this conclusion on Ark. Const. art. 12, § 5, which provides in pertinent part: "No county, city, town or other municipal corporation shall . . . appropriate money for, or loan its credit to, any corporation, association, institution or individual." Applying Halbert, I concluded in my previous opinion that A.C.A. § 23-111-509(e)(2)(C) is unconstitutional in providing that specified public funds "shall be made available to and used by the Girls' Club and Boys' Club or similar nonprofit charitable organizations. . . ." I believe this same conclusion would apply to any city ordinance levying a tax for the benefit of the Fayetteville Boys' and Girls' Club, Inc.
Accord Ark. Op. Att'y Gen. No. 88-114 (opining that Ark. Const. art. 12, § 5 precluded a county from contributing to a Boys' Club or Girls' Club. I fully concur in my predecessors' analyses of this issue.
Finally, I should note that the foregoing analysis is not meant to suggest that a city is foreclosed from contracting with a Boys' Club or Girls' Club for the provision of services that advance a public purpose. In Opinion No. 2001-135, my predecessor offered the following analysis of this issue:
I summarized at the conclusion of Ark. Op. Att'y Gen. No. 1999-408:
 [N]othing in the constitution precludes the county from contracting with a private nonprofit charity, so long as the contract is supported by adequate consideration and serves a proper governmental end. Cities and counties clearly can enter into contracts that are supported by valid consideration. See Ops. Att'y Gen. No. 98-025 and 97-250; A.C.A. § 14-54-101(2); City of Ft. Smith v. Bates, 260 Ark. 777, 544 S.W.2d 525 (1976); City of Harrison v. Boone County, 238 Ark. 113, 378 S.W.2d 665 (1964). Moreover, this authority includes the power to contract with nonprofit organizations. See Woodruff v. Shockey, 297 Ark. 595, 764 S.W.2d 431
(1989). Such contracts have been upheld as not being in violation of Article 12, § 5. See Arkansas Uniform Linen Supply v. Institutional Services Corp., 287 Ark. 370, 700 S.W.2d 358 (1985). To the extent, then, that the provision of recreational services for young people is an appropriate governmental function, the county might contract for its performance by, say, a Girls' Club or Boys' Club. Again, the decision to undertake such a contract would necessarily be based on factual considerations I am unprepared and unauthorized to review. I advise you to consult with local counsel regarding such matters.
I agree in all respects with my predecessors' analyses of this issue.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: JD/cyh